GORMAN, APPELLEE, *v.* GORMAN, N.K.A. GORLEY, APPELLANT.

(No. 85AP-702 — Decided
February 20, 1986.)

H. *Russell Anderson,* for appellee.
*Robert N. Wistner Co., L.P.A.,* and
*Robert N. Wistner,* for appellant.

WHITESIDE, J. Defendant, Rebecca Gorman (now Gorley), has appealed from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, pertaining to child support.

The matter was before the trial court upon a motion of defendant, the custodial parent, seeking "an order modifying and increasing the plaintiff's child support" for the parties' remaining minor child predicated upon a change of circumstances, including the remarriage of defendant and the emancipation of the older child of the parties, resulting in a substantial reduction in plaintiff's monthly alimony and child-support obligation, coupled with an increase in the amount needed to support the remaining minor child. The former order had been for child support of $250 per month for each of the parties' minor children.

The matter was referred to a referee, who made his report and recommendations, to which plaintiff filed objections, which the trial court sustained in part, reducing the increase in child support from the $520 per month recommended by the referee to $375 per month, and the attorney-fee award of $1,800 recommended by the referee to $500, striking the referee's recommendation ordering the parties to bear equal responsibility for uncovered medical, dental and optical expenses and requiring the custodial parent to maintain hospitalization insurance.

The first three assignments of error relate to the child support portion of the order, including medical needs. The referee noted that the prior child support order allocated approximately forty percent of the child support costs to plaintiff. He also was required to maintain medical insurance. The referee recommended changing the allocation to a fifty-fifty basis, including orthodontia expenses of approximately $100 per month not covered by insurance. Since the child support need other than medical was found by the referee to be $941.88, and apparently was not modified by the trial court, it appears that the trial court maintained the prior ratio and allocated forty percent of the child care need to plaintiff and refused to change the prior order with respect to medical needs. However, it is noted in the referee's report that plaintiff had voluntarily been paying the $100 per month orthodontia expenses and, perhaps, the trial court assumed that he would continue to do so on a voluntary basis, which, if he did, would increase his total child support payments to $475 per month, with part being voluntary and part pursuant to the trial court's order. At the same time, the prior order would remain in effect under the original decree, which required plaintiff to maintain "existing hospitalization, dental, medical and orthodontia insurance, for the benefit of the children of the parties."

Accordingly, on its face, the trial court's order may not appear to be unreasonable. However, the reasonableness of the trial court's order depends upon whether plaintiff voluntarily continues to make the $100 per month payments for orthodontia expenses and

continues to maintain medical insurance. Defendant, however, upon motion is entitled to a more definitive order and not to one whose reasonableness is dependent upon the whim of plaintiff. Furthermore, in his written decision, the trial judge explained his reason for not including medical expenses in the child support order as follows:

" * * * [T]he motion was for an increase in child support payable by the plaintiff with no reference to any modification of the insurance orders of the Court. The Court finds that such modification should not be made absent a specific request being made. * * * "

This reasoning might be appropriate if the motion had sought only an increase in the monetary support payable instead of seeking modification of child support.

By the third assignment of error, defendant contends that the trial court's order is inconsistent with R.C. 3109.05(A), which refers to "the amount reasonable or necessary for child support, including the medical needs of the child." Although the words "including the medical needs of the child" were added by a 1981 amendment (see 139 Ohio Laws, Part II, 3666), it did not change the meaning of the word "support," but, instead, merely clarified the fact that support includes medical needs. Thus, in any support order, the known and reasonably anticipated medical needs of the child must be provided for.

Defendant also relies upon another provision of R.C. 3109.05(A) added by a 1985 amendment to the section (see 140 Ohio Laws, Part II, 4222), providing that: "The court shall include in the support order the requirement that one or both of the parents provide for the health care needs of the child to the satisfaction of the court." Previously, R.C. 3109.05 had provided in this respect that: "The court shall include in the support order the requirement that one of the parents subscribe to a hospital service plan on behalf of the child." (See 139 Ohio Laws, Part II, 3666.) The 1985 amendment became effective between the time of the filing of the referee's report and the trial court's decision, and subsequent to the filing of plaintiff's objections to the referee's report. Moreover, we find no indication in the record that the change of law was called to the attention of the trial court. Accordingly, we find no error in this respect, even assuming that the amendment applied to the proceedings upon objections to the referee's report pending before the trial court, and the third assignment of error is not well-taken. See R.C. 1.58(A)(4).

However, the first two assignments of error are well-taken for the reasons set forth above. The trial court erroneously assumed that an express motion pertaining to the medical-need portion of child support was a prerequisite for consideration of medical needs as part of a motion for modification of child support. However, as we have noted, a motion for child support, or modification of child support, necessarily includes the medical-need portion of child support and raises that issue for consideration of the court. It is conceded that the medical-need portion of support includes a $100 per month orthodontia expense. It is not sufficient for the court, when the issue be raised by defendant, to rely upon plaintiff's statement that he will continue to make payment of this expense as he has in the past.

The fourth assignment of error relates to the trial court's reduction of the attorney-fee award from $1,800 to $500. The referee found that defendant incurred attorney fees in the amount of $5,500 in connection with the motion, a portion of which was the result of delays caused by plaintiff. The referee found that approximately one-third of the attorney fees, or $1,800, should be awarded to defendant under the circumstances. There is no indication that the trial court in reducing the attorney-fee award rejected the referee's findings

and, instead, found either that the services were unnecessary or that the charges were unreasonable, or that a substantial portion of defendant's attorney-fee expense was not the result of delays caused by plaintiff. Under the circumstances, an award of less than ten percent of defendant's total attorney-fee expense is unreasonable. Accordingly, the fourth assignment of error is well-taken.

For the foregoing reasons, the first, second and fourth assignments of error are sustained, and the third assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this decision.

*Judgment reversed*
*and cause remanded.*

REILLY and MITROVICH, JJ., concur.

MITROVICH, J., of the Lake County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.