WILL, Appellee,

v.

WILL, n.k.a. Tackett, Appellant.

[Cite as *Will v. Will* (1996), 113 Ohio App.3d 8.]

Court of Appeals of Ohio,
Fourth District, Jackson County.

No. 96CA778.

Decided July 24, 1996.

*Cole & Lewis* and *Joseph D. Kirby*, for appellant.

*Lorene G. Johnston,* for appellee.

KLINE, Judge.

This is an appeal from a judgment entered by the Jackson County Common Pleas Court granting the income tax exemption for the parties' minor child to the noncustodial father. The trial court in 1988 granted Joseph B. Will, appellee, and Penny S. Will, appellant, a dissolution of marriage. At that time, the trial court ordered appellee to pay $70 per week for child support but did not make any order regarding which party would receive the income tax exemption for their

one minor child. However, appellant apparently claimed the exemption on her tax returns.

On May 9, 1995, appellant initiated a request with the Jackson County Child Support Enforcement Agency ("CSEA") to review the amount of child support. The CSEA reviewed the child support pursuant to R.C. 3113.216, and on July 18, 1995, sent notice to the parties and the Jackson County Common Pleas Court of its findings and recommendations concerning the amount of child support to be paid. The findings and recommendations of the CSEA were filed with the clerk of courts on July 26, 1995 and made a part of the record. Based upon this information from the CSEA, the trial court on August 8, 1995 ordered appellee to pay $122 per week for child support commencing July 28, 1995 and further provided that "[a]ny party may have a hearing upon request to consider these matters further." Neither the CSEA in its findings and recommendations nor the trial court in its order addressed which party was to receive the tax exemption.

On August 10, 1995, the appellee filed a motion to modify child support pursuant to R.C. 3113.21(C)(1)(f). Appellee requested that the trial court grant him the income tax exemption for the parties' minor child. This motion was argued orally and in writing with neither party requesting an evidentiary hearing. Appellee argued to the trial court that if he had used the exemption in 1994 he would have realized a tax savings of $686 while appellant would have realized only a tax savings of $368.

On January 5, 1996, the trial court found that between the parties, appellee "would receive the most benefit for the tax exemption of the minor child * * * and due to that factor it would be [in] the best interest of the child for [appellee] to receive the income tax exemption." Neither party requested findings of fact and conclusions of law.

Appellant appeals the trial court's judgment and raises the following assignment of error:

"The trial court committed reversible error by awarding the tax exemption for the parties['] minor child to the non-residential parent as the non-residential parent failed to establish that a net tax benefit would result and that such an award is in the best interest of the minor child."

We begin our analysis by reviewing the applicable law. Generally, under the Internal Revenue Code ("IRC"), the custodial parent receives the tax dependency exemption. See Section 152(e)(1), Title 26, U.S.Code. However, the noncustodial parent may receive the exemption if (1) the custodial parent agrees in the

domestic case and signs a release as required by the IRC, or (2) a state court allocates the exemption to the noncustodial parent. See Section 152(e)(2), Title 26, U.S.Code; *Hughes v. Hughes* (1988), 35 Ohio St.3d 165, 518 N.E.2d 1213, syllabus. Here, the Jackson County Common Pleas Court is a state court that allocated the exemption to the noncustodial parent.

 Ohio law provides the manner in which a state court may allocate a tax exemption. A trial court may reconsider the issue of which parent may claim a child as a dependent for income tax purposes whenever that court modifies, reviews, or otherwise reconsiders a child support order. R.C. 3113.21(C)(1)(f). The trial court must find that "the interest of the child has been furthered" before it can allocate the exemption to the noncustodial parent. *Bobo v. Jewell* (1988), 38 Ohio St.3d 330, 332, 528 N.E.2d 180, 183. The best interest of the child is furthered when the allocation of the exemption to the noncustodial parent produces a net tax savings for the parents. *Singer v. Dickinson* (1992), 63 Ohio St.3d 408, 588 N.E.2d 806, paragraph two of the syllabus. Such net tax savings for the parents can only occur when the noncustodial parent's taxable income falls into a higher tax bracket. *Id.* at 415, 588 N.E.2d at 811–812. See *Bobo,* 38 Ohio St.3d at 333, 528 N.E.2d at 183–184. When determining the net tax savings to the parties, a trial "court should review all pertinent factors, including the parents' gross incomes, the exemptions and deductions to which the parents are otherwise entitled, and the relevant federal, state, and local income tax rates." *Singer,* 63 Ohio St.3d at 416, 588 N.E.2d at 812.

 Here, the appellant does not contest the fact that appellee's taxable income falls into a higher tax bracket than her taxable income. Instead, appellant argues that the trial court erred when it did not consider the fact that she remarried and now files a joint tax return with her husband. Appellant maintains that her husband's taxable income must also be considered with her taxable income. Appellant concludes that she should receive the exemption because appellant is not in a higher tax bracket when her husband's income is added to her income.

When we review child support matters, we are required to use the "abuse of discretion" standard. See *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030. An abuse of discretion signifies more than an error of law or judgment; it implies an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable. *State ex rel. Hillyer v. Tuscarawas Cty. Bd. of Commrs.* (1994), 70 Ohio St.3d 94, 97, 637 N.E.2d 311, 314; *State ex rel. McMaster v. School Emp. Retirement Sys.* (1994), 69 Ohio St.3d 130, 133, 630

N.E.2d 701, 704–705; *Rock v. Cabral* (1993), 67 Ohio St.3d 108, 112, 616 N.E.2d 218, 222; *Steiner v. Custer* (1940), 137 Ohio St. 448, 19 O.O. 148, 31 N.E.2d 855, paragraph two of the syllabus. "When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 137–138, 566 N.E.2d 1181, 1184.

The issue we must address is whether a trial court abuses its discretion when it does not consider a stepparent's income as a pertinent factor in determining the net tax savings to the parents of a child. We note that we cannot tell by looking at the record which pertinent factors the trial court considered because neither side requested findings of fact and conclusions of law. However, for purposes of this appeal, we will assume that the trial court did not consider the stepparent's income.

*Hutchinson v. Hutchinson* (1993), 85 Ohio App.3d 173, 619 N.E.2d 466, is controlling in our resolution of this issue. We addressed this same issue in *Hutchinson* and found that the trial court did not abuse its discretion by failing to consider a stepparent's income as a pertinent factor when determining the net tax savings of the parents. Therefore, the trial court in the case *sub judice* did not abuse its discretion in refusing to consider the stepparent's income when determining which parent should receive the tax dependency exemption.

Appellant further argues that the trial court erred in applying *Singer*, 63 Ohio St.3d 408, 588 N.E.2d 806, to this case. Appellant maintains that *Singer* requires two findings by the trial court before the exemption can be awarded to the noncustodial parent. Appellant contends that *Singer* requires a finding of a net tax savings to the parents of the child and then another finding that it is in the child's best interest for the exemption to go to the noncustodial parent. Appellant asserts that the net tax savings is just one factor the trial court needs to consider to determine what is in the child's best interest. Appellant insists the trial court should have also considered the following two factors: (1) she spent more to support the child, and (2) the father admits that he rarely visits with the child. For purposes of this appeal, we will assume that the trial court did not consider the above two factors.

We disagree with appellant's interpretation of the *Singer* case. In *Singer*, the Supreme Court of Ohio stated that "the record must show that the interest of the child has been furthered." *Singer*, 63 Ohio St.3d at 415, 588 N.E.2d at 811. The court in *Singer* provided that the noncustodial parent may be awarded the exemption if there is a net tax savings of the parents because the net tax savings furthers the interest of the child. See *Singer*, paragraph two of the syllabus.

The Supreme Court stated that the trial court erred by using a greater-percentage-of-support standard instead of the net tax savings standard. Utilizing the greater-percentage-of-support standard, the trial court allocated the exemption to the noncustodial parent because that parent provided sixty-five percent of the child's support under the Child Support Guidelines. The parties in *Singer* were in the same tax bracket and, therefore, there was no net tax savings by awarding the exemption to the noncustodial parent.

Appellant in the case *sub judice* is essentially asking this court to apply a different legal standard. While we will not apply the standard suggested by appellant, we do agree that *Singer* does not limit a court's inquiry to ascertaining which parent would enjoy the greatest net tax savings because the syllabus includes the discretionary word "may." *Singer,* 63 Ohio St.3d 408, 588 N.E.2d 806, paragraph two of the syllabus. We interpret *Singer* to mean that the trial court does not abuse its discretion if it chooses to look only at the net tax savings. *Singer* does not require the trial court to look at additional factors such as determining which parent spends more on the child or which parent visits more with the child. A finding that there is a net tax savings to the parents of a child when the exemption is allocated to the noncustodial parent, in and of itself, supports the allocation as furthering the best interest of the child. Therefore, the trial court did not err on this issue.

Accordingly, appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

PETER B. ABELE, P.J., concurs.

HARSHA, J., concurs in judgment only.