[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-appellant John Hutchinson appeals from a judgment and final decree of divorce as it relates to the disposition of marital property and marital debts, as well as spousal support and the allocation of the costs of the extraordinary medical expenses for the parties' minor children.
Mr. Hutchinson contends that the trial court erred by failing to divide some of the marital assets and debts, and by inequitably dividing other debts and assets. He further contends that the trial court erred by permitting Ms. Hutchinson to retain the temporary physical possession of the marital residence. He next claims that the trial court abused its discretion by awarding spousal support to Ms. Hutchinson. Finally, Mr. Hutchinson contends that the trial court erred by ordering him to pay all extraordinary medical bills incurred by the parties' minor children.
We conclude that not only did the trial court divide all of the marital assets and debts, but that the division was equitable. We also find that the trial court did not abuse its discretion by granting physical possession of the residence to Ms. Hutchinson. Furthermore, we conclude that the trial court acted within its discretion by granting spousal support to Ms. Hutchinson and by holding Mr. Hutchinson responsible for all extraordinary medical expenses.
The judgment of the trial court is Affirmed.
 I
The parties married in 1972. Ms Hutchinson filed a complaint for divorce in 1996. Mr. Hutchinson filed an answer and counterclaim for divorce.
At the time of the hearing, both parties were 43 years old. They had four children; however, only two were minors at the time of the divorce. The parties agreed that Ms. Hutchinson would retain custody of the children.
Mr. Hutchinson began working for Ameritech in the early years of the marriage, and continued to do so during the marriage. At the time the parties separated, Mr. Hutchinson was earning $52,864, which included overtime pay. After the parties separated, Mr. Hutchinson accepted a new position with Ameritech. After taking the new position, Mr. Hutchinson became a salaried employee, earning approximately $49,500 per year.
Ms. Hutchinson began working part-time as a Registered Nurse at Kettering Medical Center in 1979. Ms. Hutchinson testified that she worked part-time in order to stay home with the parties' four children. She began working full-time in 1995. In 1996, Ms. Hutchinson earned approximately $40,000. She testified that she would earn less in 1997. She further testified that she would not receive any promotions in her field unless she completed her Bachelor's Degree, which would require two years of schooling.
The final judgment and decree of divorce was entered on April 24, 1997. Of relevance to this appeal, the trial court divided all marital assets evenly. Ms. Hutchinson was permitted to retain physical possession of the marital residence until the minor children graduated from high school. The trial court also evenly divided the bulk of the marital debt. However, Ms. Hutchinson was required to pay a YMCA bill in the amount of $249, while Mr. Hutchinson was ordered to pay a VISA bill in the amount of $1,786. The trial court awarded spousal support to Ms. Hutchinson in the sum of $500 per month, plus 2% poundage, for a period of ten years. Finally, the trial court also awarded child support to Ms. Hutchinson, and required Mr. Hutchinson to pay any extraordinary medical expenses of the children.
From the judgment and decree of divorce, Mr. Hutchinson appeals.
 II
Mr. Hutchinson's First Assignment of Error is as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO EQUITABLY DISTRIBUTE THE MARITAL DEBTS AND ASSETS, WHEN CONSIDERING THE TOTALITY OF THE CIRCUMSTANCES, AS REQUIRED BY R.C. 3105.171.
Mr. Hutchinson contends that the trial court erred in its division of the marital assets and debts. Specifically, he argues that the trial court awarded him the bulk of the marital debt, while it awarded Ms. Hutchinson the greater part of the marital assets. Therefore, he claims that the division of the debts and assets is inequitable and contrary to R.C. 3105.171.
R.C. 3105.171(B) requires that a trial court make an equitable division of marital property. However, an equitable division of property is not necessarily an equal division; rather, a trial court begins with a potentially equal division, and adjusts that division after consideration of relevant factors.Kaechele v. Kaechele, (1988), 35 Ohio St.3d 93, 95. In Banningv. Banning (June 28, 1996), Greene App. No. 95 CA 79, unreported, we addressed the standard for reviewing whether a trial court's disposition of marital property is equitable:
 An appeals court has a duty to review the findings of a domestic relations court in order to determine whether the division of marital property was equitable. Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 94. However, the Ohio Supreme Court has clearly established that "* * * trial courts are vested with broad powers in determining the appropriate scope of property awards in a divorce action." Berish v. Berish
(1982), 69 Ohio St.2d 318, 319. As a consequence, a reviewing court may not modify or reverse a property division unless it finds that the trial court abused its discretion. Cherry v. Cherry (1981), 66 Ohio St.2d 348, 355. The phrase "abuse of discretion" "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
In this case, contrary to Mr. Hutchinson's assertions, the marital property was equally divided. Each party was awarded their own vehicle; Ms. Hutchinson's car was encumbered by a loan, which she assumed. The trial court also made an equal division of the following assets: (1) the equity in the marital residence; (2) the parties' stocks and bonds; (3) the parties' pension plans (pursuant to a Qualified Domestic Relations Order); and (4) Mr. Hutchinson's Ameritech Savings and Security Plan, valued at $15,000. The trial court further approved the parties' division of the household goods, furniture and furnishings, which it found had been "equitably divided to their mutual satisfaction."
The trial court also disposed of the marital debt. The parties were ordered to divide equally approximately $5,500 in various marital debts. The trial court further ordered Ms. Hutchinson to pay the children's YMCA bill, in the amount of $249.75, and ordered Mr. Hutchinson to pay a VISA bill, in the amount of $1,786.49. Thus, Mr. Hutchinson was awarded $1,536.74 more of the debts than was Ms. Hutchinson. However, Ms. Hutchinson presented testimony that supports a finding that the VISA bill was incurred solely for the benefit of Mr. Hutchinson, after the parties had separated. Furthermore, given that Mrs. Hutchinson assumed the mortgage indebtedness on the marital residence, we cannot say that the trial court erred by awarding more of the marital debt to Mr. Hutchinson.
Based upon the fact that the marital property was equally divided, and that the division of the marital debt does not strike us as being arbitrary, capricious or unreasonable, we cannot say that the trial court erred or that its division of the marital property and debts is inequitable.
Accordingly, Mr. Hutchinson's First Assignment of Error is overruled.
 III
Mr. Hutchinson's Second and Third Assignments of Error read as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO DIVIDE ALL MARITAL DEBT AND PROPERTY BETWEEN THE PARTIES.
 THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO DISTRIBUTE THE MARITAL PROPERTY IN SUCH A WAY TO DISENTANGLE THE PARTIES' ECONOMIC PARTNERSHIP.
Mr. Hutchinson claims that the final decree of divorce is insufficient and incomplete because it fails to distribute all of the parties' marital debts and property. Specifically, he contends that the trial court failed to value and to distribute the household goods and furnishings, and that it failed to assign the Federal Income Tax deductions for the minor children. He further contends that the trial court failed to assign (1) the mortgage indebtedness on the marital residence, (2) a debt to "Heartland," and (3) a debt owed to Mr. Hutchinson's mother, in the amount of $3,000. Finally, he contends that the trial court's order granting Ms. Hutchinson physical possession of the marital residence constitutes an abuse of discretion because it "forces the parties to remain economic partners."
We begin by noting that Mr. Hutchinson has failed to make any reference to the record regarding the alleged debts owed to Heartland and his mother. See App. R. 16(A)(6) and (D). We were unable to find any evidence concerning a debt owed to Mr. Hutchinson's mother, and only found one reference to a bill owed to Heartland Federal Credit Union. Specifically, when Mr Hutchinson's attorney asked Ms. Hutchinson whether she knew "anything about" a bill owed to Heartland, she denied any knowledge of the bill. No other evidence was presented regarding the bill. Since Mr. Hutchinson failed to present any evidence concerning the debt owed to his mother or to Heartland Federal Credit Union, we conclude that he has waived consideration of those debts for purposes of appeal.
We next address the issue of the household goods and furnishings. The trial court found that the parties had divided all household goods and furnishings to their "mutual satisfaction," and thus, ruled that each would keep the items in their possession as of the time of the hearing. Ms. Hutchinson testified that, prior to the hearing, she had packed up Mr. Hutchinson's clothes and "the things she thought he would want," and that Mr. Hutchinson took possession of those items. She also testified that most of the household furniture was in the children's rooms or in the common rooms, which the children used. Mr. Hutchinson failed to present any evidence regarding the value of the household goods or furnishings, and has failed to refer us to any place in the record that would support a finding that these items were not satisfactorily divided prior to the hearing. Therefore, we conclude that the trial court did not abuse its discretion in ordering each party to keep those items currently in that party's possession.
With respect to the issue of the income tax dependency exemption for the minor children, we note that Mr. Hutchinson has not cited any authority to support his contention that the trial court was required to assign the right to the deduction. Furthermore, he does not cite any reason for his claim that the trial court erred by failing to assign the deduction, nor does he argue that he is entitled to the deduction.
"Generally, under the Internal Revenue ("IRC") the custodial parent receives the tax dependency exemption." Will v. Will
(1996), 113 Ohio App.3d 8, 10, citing Section 152(e)(1), Title 26, U.S. Code. However, the Ohio Supreme Court has held that trial courts may award federal income tax dependency exemptions to noncustodial parents where it would further the best interest of the child; i.e., the award would produce a net tax savings for the parents. Singer v. Dickinson (1992), 63 Ohio St.3d 408, paragraph two of the syllabus. The decision to allocate the exemption is a matter left to the discretion of the trial court. Mizer v. Mizer
(Mar. 3, 1989), Guernsey App. No. 88-CA-12, unreported; Dotson v.Dotson (Dec. 29, 1992), Washington App. No. 91 CA 21, unreported;Will v. Will, supra, at 11. In this case, there was no evidence that allocating the tax exemption to Mr. Hutchinson would result in a net tax savings or that it would further the best interests of the minor children. Accordingly, we cannot say that the trial court abused its discretion by failing to award the tax exemption to him.
Finally, we address Mr. Hutchinson's claim that the trial court erred by allowing Ms. Hutchinson to retain physical possession of the marital residence, and by failing to hold her responsible for payment of the mortgage indebtedness. Ms. Hutchinson argues that the trial court's order required her to assume payment of the mortgage. The relevant portion of the trial court's decision provides as follows:
 The parties are the owners of marital real estate located at 4060 Locus Bend, Dayton, Ohio 45440. The Plaintiff shall retain physical possession of the marital residence valued at approximately ONE HUNDRED THIRTY-TWO THOUSAND DOLLARS ($132,000) with indebtedness of SEVENTY-SEVEN THOUSAND DOLLARS ($77, 000). The remaining equity shall be equitably divided with each party receiving TWENTY-SEVEN THOUSAND FIVE HUNDRED DOLLARS ($27,500) of equity. Plaintiff shall be responsible for paying Defendant his interest in the marital home within six (6) months of the last child graduating from high school or within thirty (30) days of the sale of the marital home, whichever even takes place sooner.
We have held that "[i]n determining what would constitute an equitable division of property, the court may issue orders permitting a spouse to use the marital dwelling for a reasonable period of time, or an order commanding the sale of the residence, or both." Gibson v. Gibson (Mar. 29, 1996), Clark App. No. 95 CA 87, unreported. We also held that it "is certainly within the court's equitable discretion when it divides marital property to order that the parties share expenses associated with the residence during any reasonable period during which a spouse resides in the home." Id.
Ms. Hutchinson testified that in order to keep the parties' minor children in the same school district, she needed to remain in the marital residence because she could not afford the purchase of another home in that district. She also testified that remaining in the marital residence would aid the minor children in maintaining a semblance of normality in their home life. She further testified that the parties' youngest child had just turned twelve at the time of the hearing (he would now be more than thirteen years of age). Therefore, it is reasonable to assume that the youngest child would not graduate from high school for at least four to five years from the date of the order.
We find that the trial court's decision to permit Ms. Hutchinson and the children to remain in the residence was reasonable based upon her undisputed testimony. Therefore, we cannot say that the court abused its discretion by awarding her temporary physical possession of the home, and allowing for the postponement of the sale of the home and the distribution of the equity therein.
While we do find that the above-referenced order is somewhat vague in regard to the assumption of the debt owed on the marital residence, we conclude that Ms. Hutchinson was implicitly required to assume responsibility for the debt. Our conclusion is based upon the fact that the trial court only awarded Mr. Hutchinson the sum of $27,500 as his portion of the equity in the house. Had the trial court intended Mr. Hutchinson to share in the payment of the debt, it can be presumed that the court would have allowed him to share in any increase in the home's equity, since he would be aiding in the reduction of the mortgage liability. Furthermore, Mr. Hutchinson does not claim that he has been making any of the payments.
Accordingly, Mr. Hutchinson's Second and Third Assignments of Error are overruled.
 IV
Mr. Hutchinson's Fourth and Fifth Assignments of Error are:
 THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING SPOUSAL SUPPORT WHICH IS UNREASONABLE IN BOTH AMOUNT AND DURATION.
 THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING SPOUSAL SUPPORT WHICH IS NOT BASED UPON NEED.
Mr. Hutchinson contends that the trial court erred by awarding spousal support to Ms. Hutchinson. In support, he argues that the trial court failed to adequately consider the relevant statutory factors for determining the appropriateness, amount and duration of the award.
In Paul v. Paul (Feb. 9, 1994), Greene App. No. 93-CA-47, unreported, we held that awards of spousal support rest within the sound discretion of the trial court:
 The trial court enjoys wide latitude in determining the appropriateness as well as the amount of spousal support. The court's discretion is limited and guided by R.C. 3105.18(C), which mandates that the court consider all of the relevant factors in that statute when making awards of spousal support. The court must evaluate the evidence germane to each applicable statutory factor, then weigh the need for support against the ability to pay. The decision of the trial court will not be reversed absent an abuse of discretion.
Id., citations omitted.
The record establishes that all the statutory factors relevant to this case were in fact considered by the trial court in arriving at its decision both as to the amount and duration of the spousal support award. Specifically, the trial court made the following findings regarding support:
 Therefore, this court reviewed the relative earning abilities of the parties and the fact that Plaintiff devoted a good portion of her marital life to being a homemaker. Furthermore, the fact that Plaintiff is at the beginning of her career and has not established a secure retirement plan factored in the spousal award calculation. Plaintiff does not have many assets other than the small interest she has in her marital home and 1994 thunderbird. Furthermore, Plaintiff will have to take a cut in pay from her present job since she will no longer be able to work the night shift at the hospital. Finally, the duration of the marriage and age of Plaintiff make the following spousal support equitable.
Our review of the record supports the trial court's decision. There was evidence in the record to support a finding that Ms. Hutchinson's income was approximately $40,000 in 1996, and that it would be decreased for subsequent years. There was also evidence that she would not have the opportunity to advance in her field without obtaining her Bachelor's Degree in nursing. Furthermore, the record establishes that Mr. Hutchinson earns at least $49,500 per year. He also admitted the possibility that he would receive a bonus, when he testified that his employer pays bonuses to persons in his position.
Although Mr. Hutchinson contends that the trial court incorrectly based the support award on his income in 1996, rather than on his lower 1997 salary, we note that he fails to support this claim with an appropriate reference to the record. Even had the trial court imputed a higher wage we would not find an abuse of discretion, since the record indicates that Mr. Hutchinson took a lower paying position some time after the parties separated. Therefore, the trial court could have reasonably determined that Mr. Hutchinson was voluntarily underemployed. See Petrusch v.Petrusch (March 7, 1997), Montgomery App. No. 15960, unreported ("when considering the relative earning abilities of the parties in connection with an award of spousal support, Ohio courts do not restrict their inquiry to the amount of money actually earned, but may also hold a person accountable for the amount of money a `person could have earned if he made the effort'"). Therefore, we conclude that the trial court appropriately considered both the parties' income as well as their relative earning abilities, in accordance with R.C. 3105.18(C)(a) and (b).
The record also supports the trial court's finding that Ms. Hutchinson had not established a secure retirement plan because she only began her career as a full-time registered nurse in 1995. See R.C. 3105.18(C)(d). Furthermore, there is evidence in the record to support the finding that Ms. Hutchinson had relatively few assets and fairly substantial indebtedness. See R.C.3105.18(C)(i). Although Mr. Hutchinson contends that the court awarded Ms. Hutchinson one-half of the equity in the marital residence, as well as portions of his stocks and pension, we note that it also ordered Ms. Hutchinson to pay approximately $3,000 of the marital debt. Although Mr. Hutchinson was assigned $4,500 in debt, we note that $1,786.49 of that amount was arguably his nonmarital debt. Furthermore, Ms. Hutchinson assumed the mortgage indebtedness on the marital residence in order to allow the parties' children to remain in the same home until such time as they graduate from high school.
Finally, the trial court considered the 25 year duration of the marriage, as well as the fact that during the marriage Ms. Hutchinson had foregone working for income in order to stay at home and raise the parties' children. See R.C. 3105.18(C)(e) and (m).
It is clear that the trial court did consider the appropriate statutory factors. Therefore, based upon our review of the record, we must conclude that the trial court did not abuse its discretion by awarding spousal support either as to amount or duration. Accordingly, Mr. Hutchinson's Fourth and Fifth Assignments of Error are overruled.
 V
Mr. Hutchinson's Sixth Assignment of Error reads as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO DISTRIBUTE THE COST OF THE MINOR CHILDREN'S EXTRAORDINARY MEDICAL, DENTAL AND OPTICAL COSTS IN AN AMOUNT EQUAL TO THE PERCENTAGE OF TOTAL INCOME FOUND ON LINE 16 OF THE CHILD SUPPORT COMPUTATION WORKSHEET.
Mr. Hutchinson contends that the trial court abused its discretion by failing to properly allocate the costs of the minor children's extraordinary medical, dental and optical costs. In support, he argues that R.C. 3109.05 requires the court to divide any uninsured extraordinary medical expenses between the parties based on their income. Thus, he contends that the trial court was required to allocate these costs in accordance with the percentage of income listed for each parent on the child support worksheet. He claims that since his percentage of income on the worksheet was only 54% of the parties' total income, he should only be responsible for that percentage of any costs.
Contrary to Mr. Hutchinson's claims, R.C. 3109.05 does not mandate the division of extraordinary medical expenses. Instead, the statute merely provides that "[i]n determining the amount reasonable or necessary for child support, including the medical needs of the child, the court shall comply with sections 3113.21
to 3113.219 * * * of the Revised Code." R.C. 3113.215(5)(f) provides that "reasonable and ordinary uninsured medical or dental expenses" may not be provided for in an order separate from the child support obligation determined in accordance with the child support schedule. Thus, "known and reasonably anticipated medical needs of a child" must be included in child support orders.Gorman v. Gorman (1986), 28 Ohio App.3d 85, 87. Accordingly, known and anticipated medical expenses are divided in accordance with the income percentage of each parent as determined by the child support worksheet.
"Extraordinary medical expenses" are defined by R.C.3113.215(A)(12) as "any uninsured medical expenses that are incurred for a child during a calendar year * * * that exceed one hundred dollars for that child during that calendar year." The allocation of extraordinary expenses is provided for in R.C.3113.215(5)(f), which states that a trial court "shall issue a separate order for extraordinary medical or dental expenses * * *, and may consider the expenses in adjusting a child support order." (Emphasis added). The statute does not require that such expenses be divided in accordance with parents' percentages of income as set forth on the child support worksheet. Instead, the statute, by the use of the word "may," allows a trial court discretion to consider the allocation of the expenses when adjusting a child support order.
The award of extraordinary medical expenses is a matter left to the sound discretion of the trial court. Hirschberger v.Hirschberger (April 27, 1990), Lucas App. No. L-89-018, unreported; Mizer v. Mizer (Mar. 3., 1989), Guernsey App. No. 88-CA-12, unreported; Wallington v. Amstutz (May 10, 1991), Lucas App. No. L-89-246, unreported. Given that there is no statutory requirement for the allocation of extraordinary medical expenses based upon the parents' income percentages, and that Mr. Hutchinson's income is greater, we cannot say that the trial court erred by requiring Mr. Hutchinson to pay these medical expenses. Our decision does not, however, indicate that the trial court may not revisit this issue upon a notification of a future change in the parties' circumstances.
Mr. Hutchinson's Sixth Assignment of Error is overruled.
 VI
All of Mr. Hutchinson's assignments of Error having been overruled, the judgment of the trial court is Affirmed.
YOUNG, P.J., and WOLFF, J., concur.
Copies mailed to:
John J. Amarante
H. Charles Wagner
Hon. Judson Shattuck