OPINION
Plaintiff-appellee, Renee Goff, filed a complaint for divorce from defendant-appellant, Gerald Goff, in 1991. At the time, Renee, and the parties' two minor children were residing in Greene County, Ohio. The parties were divorced by judgment and decree of the Greene County Common Pleas Court, Domestic Relations Division, in 1991. It appears that no appeal was taken therefrom.
On October 26, 1999, Gerald filed a motion in which he sought (1) modification of his child support obligation, (2) an award of the tax exemption for the parties' minor children, (3) an award of expenses associated with visitation, and (4) an order requiring Renee to comply with the divorce by ordering her to pay a marital debt.
A hearing was held before the magistrate on March 31, 2000. Following the hearing, the magistrate filed a decision in which it sustained the motion as it pertained to child support by adjusting Gerald's obligation to reflect the 1998 birth of Gerald's child with his current wife. The magistrate overruled Gerald's motion in all other respects. Gerald filed objections to the magistrate's decision which were overruled by the trial court. Gerald filed a timely appeal, and asserts the following as his assignments of error:
 1. THE TRIAL COURT ERRED BY FAILING TO TAKE INTO ACCOUNT THE CHILD SUPPORT PAID BY DEFENDANT PURSUANT TO HIS DECREE OF DIVORCE FROM HAWAII IN CALCULATION OF HIS CURRENT CHILD SUPPORT OBLIGATION.
Gerald contends that the trial court erred because it did not adjust his child support obligation to reflect support paid to his other children. At the time of his marriage to Renee, Gerald already had two children by another marriage. Those children reside in Hawaii. After the divorce from Renee, Gerald remarried and subsequently had another child with his current wife. Gerald claims that pursuant to the divorce decree from his first wife, he is required to pay support for the children in Hawaii for so long as "the children were pursuing their education until the age of twenty-three." At the hearing, Gerald testified that his children from his first marriage were eighteen and twenty years of age, and that he is still paying support for them.
We begin by noting that in a March, 1998 decision, the magistrate found that Gerald was making voluntary, rather than court-ordered, payments to one of his children in Hawaii. Therefore, the magistrate found that Gerald was not entitled to an adjustment for any support paid to that child. Gerald did not appeal from that decision. We also note that, other than his testimony, Gerald failed to present any evidence to support a finding that his children were still in school or that he was still required to pay support for them. We also note that the record shows that Gerald was given an adjustment credit for the child living with him and his current wife.
Based upon the record before us, we cannot say that the trial court abused its discretion in setting child support. Therefore, the first assignment of error is overruled.
 2. THE TRIAL COURT ERRED IN FINDING THAT PLAINTIFF HAD PAID THE PARTIES' SEARS DEBT AS REQUIRED IN THE ORIGINAL DECREE OF DIVORCED [SIC] FILED HEREIN ON DECEMBER 9, 1991.
Gerald contends that the evidence shows that Renee failed to pay a marital debt owed to Sears which she was required to pay pursuant to the terms of the divorce decree. Thus, he claims that the trial court abused its discretion by finding that the debt had been paid.
Gerald testified that there were two Sears accounts that Renee was required to pay. He contends that she failed to pay one of those accounts, and that as a result of Renee's failure to pay the debt he was subsequently denied credit and charged higher interest rates on loans he was able to secure. He also testified that the Sears "account was wrote [sic] off as a bad debt", but that it stayed on his credit report for "seven plus years" thereafter. Renee testified that she had paid the debt pursuant to the divorce decree. In fact, a credit report submitted by Gerald indicates that a debt to Sears was paid in June, 1992. There is no evidence to indicate that another account existed. Accordingly, we must conclude that the trial court did not err in finding that the Sears debt was paid by Renee in accordance with the divorce decree. Accordingly, the second assignment of error is overruled.
 3. THE TRIAL COURT ERRED BY FAILING TO GRANT DEFENDANT RELIEF AS TO THE REALLOCATION OF THE BURDEN OF TRANSPORTATION OF THE PARTIES' MINOR CHILDREN FOR THE PURPOSE OF VISITATION.
Gerald contends that the trial court should have required Renee to pay for the cost of transportation of the children for visitation purposes. In support, he argues that Renee moved to Ohio, approximately 5000 miles away from the marital home in Hawaii, causing him to be separated from the children. He further notes that he now lives in Chicago, which is more than three hundred miles from Renee and the children. He argues that Renee "created a significant burden for [his] exercise of visitation", and thus, she should be responsible for any associated costs.
According to Renee's testimony at the March 2000 hearing, Gerald had not conducted any visitation with the children since December, 1997. Gerald also admitted that he had only visited a couple of times. The trial court found that Gerald "does not visit with the children on any regular basis", and that the costs that he would incur for visitation are "offset by the additional costs incurred by [Renee] in keeping the children in her care and control when [Gerald] should have them for visitation".
From our review of the record, we note that Gerald failed to show that the costs of transporting the children for visitation work a hardship on him. In fact, the evidence shows that Renee actually drove the children to a half-way point in order to exchange the kids for visitation. The record also shows that Gerald consistently failed to even attempt to exercise his visitation rights, and there is no evidence that he intends to begin regular visitations.
We cannot, based upon the record before us, say that the trial court abused its discretion by failing to impose the costs of transportation upon Renee. Therefore, the third assignment of error is overruled.
 4. THE COURT ERRED IN NOT REALLOCATING THE INCOME TAX EXEMPTIONS FOR THE PARTIES' MINOR CHILDREN.
In this assignment of error, Gerald claims that the trial court should have awarded him the right to claim both children as dependents for income tax purposes. In support, he argues that it is unjust to require him to pay current child support along with the arrearages without permitting him to receive the benefit of the dependancy exemptions.
"Generally, under the Internal Revenue Code ("IRC"), the custodial parent receives the tax dependency exemption." Will v. Will (1996),113 Ohio App.3d 8, 10, citing Section 152(e)(1), Title 26, U.S. Code. However, a trial court court may award federal income tax dependency exemptions to noncustodial parents where it would produce a net tax savings for the parents, thereby furthering the best interest of the child. Singer v. Dickinson (1992), 63 Ohio St.3d 408, paragraph two of the syllabus. The decision to allocate the exemption is a matter left to the discretion of the trial court. Will v. Will, supra, at 11.
In this case, the trial court found that giving the tax deduction to Renee was more beneficial to the children than awarding it to Gerald. Furthermore, the court found that since Gerald owed a "substantial child support arrearage", he was not entitled to an award of the exemptions. There was no evidence that allocating the tax exemption to Gerald would result in a net tax savings or that it would further the best interests of the minor children. Accordingly, we cannot say that the trial court abused its discretion by failing to award the tax exemption to him.
 5. THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT RECALCULATING DEFENDANT'S CHILD SUPPORT OBLIGATION FROM EITHER JUNE, 1998, OR OCTOBER, 1999, SO AS TO REFLECT THE BIRTH OF THE CHILD WITH HIS PRESENT WIFE.
With regard to his fifth assignment of error, Gerald contends that he sought an administrative reduction of his child support obligation upon the birth of his child with his current wife. That child was born in April of 1998. Gerald claims that, on June 23, 1998, he sent a letter to the Greene County Child Support Enforcement Agency seeking a reduction. He also sought a reduction by way of motion filed with the court on October 26, 1999. Therefore, he argues that, while the trial court did make an adjustment in his child support obligation with regard to this child, it erred by failing to make the adjustment retroactive to the date he mailed the letter, or to the date he filed the motion for reduction.
Initially, we note that Gerald's failure to file objections to the magistrate's decision on this issue severely limits our review. Civ.R. 53(E)(3)(b) states, in part, that "a party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." When a party fails to file objections, we may only review the trial court's adoption of the magistrate's decision for plain error. R.G. Real Estate Holding, Inc. v. Wagner (April 24, 1998), Montgomery App. No. 16737, unreported. "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, syllabus.
Gerald has not asked us to review this issue under the plain error standard. Therefore, he has waived this issue on appeal. Accordingly, the fifth assignment of error is overruled.
All of Gerald's assignments of error being overruled, the judgment of the trial court is affirmed.
 _______________________ FREDERICK N. YOUNG, J.
WOLFF, P.J. and GRADY, J., concur.