LATHROP, APPELLEE, *v.* LATHROP, APPELLANT.

(No. 309—Decided October 20, 1982.)

---

*Ms. Bonnie Lynn Clevenger,* Preble County Rural Legal Aid Society, for appellee.

*Mr. Scott H. Ray, Jr.,* for appellant.

HENDRICKSON, P.J. The parties were married February 25, 1956, and there were five children born as issue of this marriage, four of whom were either adults, or were emancipated, when Patricia M. Lathrop, the plaintiff-appellee herein, obtained a divorce from Roy A. Lathrop, the defendant-appellant. The trial court granted custody of the minor child of the marriage, Roy A. Lathrop, Jr., to the appellee and specified that the appellant "shall have visitation with said child on alternate Sundays from 10:00 a.m. until 6:00 p.m."

The trial court also determined that "the defendant shall pay to plaintiff, as and for alimony, the sum of $100 per month so long as plaintiff lives, or until she remarries."

The trial court also ordered, "The defendant shall have the right of use and occupancy of the marital home, and the defendant shall pay all mortgage payments, real estate taxes, insurance and utility bills thereon so long as defendant shall occupy said premises." However, nowhere in the decision of the court was there any reference to ownership of the marital residence. Thus, title was to remain in both parties. The appellant in his appeal from that decision of the trial court assigns three errors, which are as follows:

"1. The court erred in unreasonably restricting the visitation rights of defendant.

"2. The court erred in awarding permanent alimony for life[1] in the sum of $100.00 per month to plaintiff, wife.

---

[1] The appellant in his second assignment of error alleges that the award of alimony is for the life of the appellee. However, the decree (which was quoted by the appellant in his brief) provides for alimony "so long as plaintiff lives or until she remarries." Thus, this assignment of error fails to incorporate all of the pertinent parts of the order of the trial court as to alimony, but for purposes of judicial economy, our response is directed to the assignment of error as we perceive that it should have read.

"3. The court erred in making an order dictating the usage of the marital residence after the divorce is final."

In response to the appellant's first assignment of error, it is apparent that broad discretion is given to the trial judge to determine the visitation rights of the parent who is deprived of custody. R.C. 3109.05 states, in pertinent part:

"(B) The court may make any just and reasonable order or decree permitting any parent who is deprived of the care, custody, and control of the children to visit them at the time and under the conditions that the court directs. * * *"

From the transcript of the proceedings, we learn that the minor son of the parties was less than two years old at the time of the hearing in the trial court; that his mother was still nursing him; that his father had difficulty handling him; and that the appellant frequently failed to show up for visitations when scheduled.

"The law in Ohio is so clear and well-established that no citation is needed for the principle that an abuse of discretion by a court implies an unreasonable, arbitrary or unconscionable decision by the court." *Bond* v. *Bond* (Sept. 16, 1981), Butler App. No. 79-11-0106, unreported. Certainly, in view of the evidence before the trial court, we are unable to find that the decision is unreasonable, arbitrary or unconscionable. Thus, we are unable to find any abuse of discretion on the part of the trial judge. After all, it is not our function to substitute our judgment for that of the trial court. Instead, we are to look to the record to determine whether the evidence before the trial court supports the decision of that court. It is clear that the evidence was sufficient to support the decision of the trial judge.

Therefore, the appellant's first assignment of error is overruled.

In response to the appellant's second assignment of error, we observe that R.C. 3105.18 provides in pertinent part as follows:

"(A) In a divorce, dissolution of marriage, or alimony proceedings, the court of common pleas may allow alimony as it deems reasonable to either party."

This language makes it perfectly clear that the allowance of alimony is within the sound discretion of the trial court and the Supreme Court of Ohio, in a case arising at a time when an earlier version of R.C. 3105.18 was in effect, declared that the allowance of alimony was within the sound discretion of the trial court. *Dennison* v. *Dennison* (1956), 165 Ohio St. 146 [59 O.O. 210].

There was evidence in the record which established that the appellee had no education, training or skills which were readily marketable. Also, the evidence indicated that with the exception of a three-week period, the only time that the appellee had ever worked during the marriage was with her husband in the business during the early years of the marriage. Thus, we find nothing unreasonable, arbitrary or unconscionable in the decision of the trial court.

Therefore, the appellant's second assignment of error is overruled.

As for the third assignment of error, we are unable to determine how the trial court can be said to dictate the usage of the marital residence when the appellant has the right of use and occupancy of the marital home as long as he pays the mortgage payments, real estate taxes, insurance and utility bills. He can terminate this usage at any time by: (A) moving out, or (B) failing to pay mortgage payments, taxes, insurance or utilities. Thus, there is no merit to the appellant's third assignment of error. The trial court is not dictating to the appellant. The appellant has a choice.

Therefore, the appellant's third assignment of error is overruled.

*Judgment affirmed.*

KOEHLER and JONES, JJ., concur.