**CORPLE, Appellant,**

v.

**CORPLE, Appellee.**

[Cite as *Corple v. Corple* (1997), 123 Ohio App.3d 31.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 95–CO–71.

Decided Sept. 26, 1997.

32

*Thomas D. Dawson,* for appellant.
*Lawrence W. Stacey,* for appellee.

Cox, Judge.

This matter presents a timely appeal from a decision rendered by the Columbiana County Common Pleas Court, granting the parties a divorce and ordering, among other things, that defendant-appellee, Joseph C. Corple, be given the dependency tax exemption for the parties' minor child and that plaintiff-appellant, Nan A. Corple, be required to transport the minor child from Chattanooga, Tennessee, to East Liverpool, Ohio, every time she had a three-day weekend from school.

Appellant and appellee were married on March 24, 1989 and had one child during the course of their marriage. The parties began experiencing marital difficulties that culminated in the filing of a complaint for divorce by appellant on March 24, 1995. Approximately three months prior to the final divorce hearing,

appellant moved to Chattanooga, Tennessee. Appellant testified during the within trial that she left the East Liverpool, Ohio area to seek employment, to improve her health, and to get away from appellee, whom she feared. Even though appellee was found guilty of domestic violence in a separate action before the East Liverpool Municipal Court, Columbiana County, Ohio, the trial court in this matter determined that appellant moved to Chattanooga, Tennessee, to be with her boyfriend and indicated that appellant was more concerned about her own interests than the best interests of the parties' minor child.

The trial court found that appellant earned $11,960 per year, while appellee earned $12,168 per year and ultimately awarded the child dependency tax exemption to appellee, who was designated the nonresidential parent. The trial court additionally ordered that whenever the parties' minor child had a three-day weekend from school, appellant was responsible for transporting her to East Liverpool, Ohio, in order that appellee be permitted to exercise his companionship/visitation with her. It is from the trial court's judgment entry filed September 27, 1995, that this appeal emanates.

Appellant sets forth two assignments of error on appeal.

Appellant's first assignment of error alleges:

"The trial court erred in granting defendant-appellee the dependency exemption for the minor child of the parties."

The abuse-of-discretion standard is applicable to appellate review of matters concerning domestic relations. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

In *Singer v. Dickinson* (1992), 63 Ohio St.3d 408, 415, 588 N.E.2d 806, 811–812, the Ohio Supreme Court held that the dependency tax exemption may be awarded to the nonresidential parent when such allocation would produce a net tax savings for the parents, thereby furthering the best interest of the child. A net tax savings would occur when allocating the dependency tax exemption to the nonresidential parent only if that parent's income fell into a higher tax bracket than that of the residential parent. *Singer, supra,* at 415, 588 N.E.2d at 811–812.

The trial court in *Singer* awarded the dependency tax exemption to the father based upon the fact that his child support obligation constituted 64.42 percent of the total annual child support obligation in accordance with the parties' respective incomes and the Child Support Guidelines. However, the Ohio Supreme Court rejected the greater-percentage-of-support standard, reversed the trial court's judgment, and held that if both parents' incomes are taxed in the same tax

bracket, no net savings are realized by allocating the exemption to the nonresidential parent. *Singer, supra.*

■ When determining the net tax savings to the parties, a trial court "should review all pertinent factors, including the parents' gross incomes, the exemptions and deductions to which the parents are otherwise entitled, and the relevant federal, state, and local income tax rates." *Singer, supra,* 63 Ohio St.3d at 416, 588 N.E.2d at 812. If a trial court does allocate the dependency tax exemption to the non-residential parent, the record must show that the best interest of the child has been furthered. *Singer, supra,* 63 Ohio St.3d at 415, 588 N.E.2d at 811–812. See, also, *Hurchanik v. Hurchanik* (1996), 110 Ohio App.3d 628, 674 N.E.2d 1260, and *Will v. Will* (1996), 113 Ohio App.3d 8, 680 N.E.2d 197.

■ Appellant complains that the trial court gave no reasoning why it awarded the dependency tax exemption for the parties' minor child to appellee. Appellant maintains that appellee was granted the dependency tax exemption for the parties' minor child even though his income represented only 50.4 percent of the total annual child support obligation for both parties.

Appellee replies that the trial court granted him the dependency tax exemption in this case pursuant to R.C. 3113.215, as it relates to deviations, and that such action was clearly appropriate given appellant's move to Chattanooga, Tennessee, during the pendency of the divorce proceeding to be with her boyfriend. Appellee concedes that the trial court did not give a specific rationale for awarding the dependency tax exemption to him, but believes it can be inferred that the trial court thoughtfully considered those factors contained in R.C. 3113.215.

Appellee further states that after the annual exchange of child support between the parties, his gross annual household income would be $9,904, while appellant's gross annual household income would be $14,224. Appellee submits that the trial court had numerous facts presented to it for consideration, relative to the determination of which party would benefit from receiving the dependency tax exemption.

A review of the record and transcript in this matter does not indicate that the trial court found net tax savings to the parties in allocating the dependency tax exemption to appellee, nor does it provide a showing that the best interest of the minor child herein was furthered in awarding such exemption to appellee. In fact, we cannot determine from the record and transcript what factors the trial court relied upon in reaching its decision that appellee should receive the dependency tax exemption.

Appellant's first assignment of error is meritorious to the extent that the trial court abused its discretion in failing to comply with the criteria set forth in *Singer* and reiterated by the courts in *Hurchanik* and *Will* in allocating the

dependency tax exemption for the within minor child. For that reason, we remand this matter to the trial court for further consideration of the dependency tax exemption and a written determination concerning same in accordance with *Singer, Hurchanik,* and *Will.*

Appellant's second assignment of error alleges:

"The trial court erred in ordering the plaintiff–appellant to transport the minor child from Chattanooga, Tennessee, to East Liverpool, Ohio, every time the child has a three-day weekend from school."

During the pendency of the action for divorce, appellant moved from East Liverpool, Ohio, to Chattanooga, Tennessee, a distance of approximately six hundred miles, without first obtaining permission to do so from the trial court. Nonetheless, the trial court held that the interests of the parties' minor child would best be served by designating appellant the residential parent. The trial court determined that as a result of appellee's temper, mental health report, work schedule, living arrangements, and lack of a baby-sitter, he would not currently be an appropriate residential parent, but also indicated that appellant was only marginally appropriate.

The trial court stated that appellant's move outside the state of Ohio made companionship between appellee and the minor child difficult and further found that appellant was attempting to influence the minor child away from appellee. The trial court additionally found no evidence to indicate that appellant was unable to obtain a job in the area of East Liverpool, Ohio, similar to that which she held in another state at the time of the final divorce hearing.

Appellant cites *Gatliff v. Gatliff* (1993), 89 Ohio App.3d 391, 624 N.E.2d 779, for the proposition that in determining transportation arrangements, the trial court must consider what would be in the best interests of the minor child. Appellant argues that the best interests of the minor child herein are not being served by requiring her to drive to Ohio with the minor child every time the minor child has a three-day weekend from school. Appellant states that it takes one full day (twelve to fourteen hours) to drive to East Liverpool, Ohio, and one full day to drive back to Chattanooga, Tennessee. This leaves only one day for the minor child to be with appellee. Appellant maintains that the trip would be extremely tiring and difficult for the six-year-old minor child.

R.C. 3109.051(A) provides that a trial court shall "make a just and reasonable order or decree permitting each parent who is not the residential parent to visit the child at the time and under the conditions that the court directs." R.C. 3109.051(A) further states:

"Whenever possible, the order or decree permitting the visitation shall ensure the opportunity for both parents to have frequent and continuing contact with the

child, unless frequent and continuing contact by either parent with the child would not be in the best interest of the child."

■ Broad discretion is given to a trial court in determining the visitation rights of a parent who is not designated the residential parent of a minor child. *Lathrop v. Lathrop* (1982), 5 Ohio App.3d 240, 5 OBR 526, 451 N.E.2d 546. The trial court in the case at bar did not abuse its discretion in requiring that appellant transport the minor child from Chattanooga, Tennessee, to East Liverpool, Ohio, whenever the minor child has a three-day weekend from school. It is not unreasonable for appellant to assume responsibility for the increased travel obligations arising from her relocation, especially given the trial court's findings as stated above. Where distance creates a barrier between a parent and child, the trial court needs to facilitate a relationship between the parent and child. We find that the companionship schedule herein was properly designed to ensure a continuing relationship between appellee and the parties' minor child.

Appellant's second assignment of error is found to be without merit.

The judgment of the trial court is affirmed in part, and this cause is remanded for further proceedings in accordance with law and consistent with this court's opinion concerning the issue presented in appellant's first assignment of error.

*Judgment accordingly.*

GENE DONOFRIO, P.J., concurs.

WAITE, J., dissents.

WAITE, Judge, dissenting.

I respectfully dissent from the majority opinion on the issue of visitation. As we stated in the first issue in this matter, this court's review is based on whether an abuse of discretion has occurred. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028. This term involves more than a perceived error in judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

After a review of the record and lower court decision, I believe that the trial judge abused his discretion in ordering that, in addition to the standard order of visitation and a weekly thirty-minute phone call from the child to her father at the mother's sole expense, the mother drive the child six hundred miles from her residence to East Liverpool on every three-day school holiday. This trip is to be made only by the mother and at her sole expense. I find that this additional visitation order is unwarranted based on the facts, was an attempt to "punish"

the mother for having a new boyfriend, and does not, in fact, contemplate the best interests of the child.

The mother testified that she sought to move to Georgia just outside Chattanooga, Tennessee, for several reasons. First, she testified that she had searched for employment in the Calcutta/East Liverpool area to no avail. This was verified by both the maternal grandmother and a neighbor. The mother also testified that she sought to live in a milder climate. Importantly, the mother testified that she currently feared the father. This was after testifying that he had been physically abusive to her on a number of occasions, including an instance in which he was convicted of domestic violence after pleading no contest. While the trial court recognized that this conviction occurred, he excused it by saying that both parents had been arguing and that he found no credible evidence of abuse to the child.

The trial court also recognized that the father has no suitable living area, no realistic plans for child care, and his psychological reports indicate that he is in no condition to be a good parent. Yet the court stated that the mother "obviously moved from this state to be with her new live-in boyfriend." I find, based on everything contained in the record, that this conclusion is not based in fact, but was, instead, an attempt at punishing the mother for having a boyfriend.

I heartily agree with the trial judge that any "[attempt] to influence this child away from the father * * * will not be tolerated." I do not find the extraordinary remedy of ordering a six-year-old child on frequent six-hundred-mile weekend trips to be in her best interests, especially when that trip is ordered to be taken regardless of the weather, the child's other interests or activities, and the many hours that will be wasted in travel. The further fact that the mother is ordered to make this trip regardless of weather, work schedule, or wear and tear on her automobile, and at her sole expense highlights the fact that this order appears more directed at inconveniencing and impoverishing the mother than enriching the child.

Once the trial court ordered custody to be granted to the mother and ordered that the Long Distance Visitation Rule, Columbiana County Local Rule 9.41, be adhered to with the further modification of weekly phone calls at the mother's expense, the order to transport the child on every three-day school holiday unreasonably burdens the mother, in no way best serves the young child, and rises to the level of an abuse of discretion.

Accordingly, I must dissent from the majority opinion and would reverse on both assignments of error raised by appellant-mother.