OPINION
Plaintiff-appellant, Dawn Pentzer, appeals the decision of the Fayette County Court of Common Pleas, Juvenile Division, ordering that the tax dependency exemption for her minor daughter, Mallory Pentzer ("Mallory"), alternate every year between Pentzer and defendant-appellee, Jason T. Thomas.
Pentzer and Thomas are Mallory's natural parents, and Pentzer is Mallory's custodial parent. The parties reached an agreement on most issues concerning custody, visitation, and support of Mallory, but they failed to resolve disputes concerning mid-week visitation and the awarding of the income tax dependency exemption for Mallory.
On July 21, 1999, the trial court held a hearing on the contested matters. Both parties provided brief testimony, although none of that testimony concerned any tax benefits which would accrue from awarding the tax exemption to either of the parties. On September 3, 1999, the trial court filed an entry granting Thomas mid-week visitation one night of every week, either on Wednesday nights or, if that is not possible, at a time to be determined by the parties as Pentzer's schedule allows. The tax exemption was ordered to alternate between the parties. Pentzer was awarded the tax exemption in odd numbered tax years. Thomas was awarded the tax exemption in even numbered tax years. Pentzer appeals, raising two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT COMMITTED AN ERROR IN LAW IN AWARDING THE INCOME TAX DEPENDENCY EXEMPTION TO A NON-RESIDENTIAL PARENT ON ALTERNATING YEARS, WITHOUT EVIDENCE THAT THE ALLOCATION WOULD PRODUCE A NET TAX SAVINGS FOR THE PARENTS, THEREBY FURTHERING THE BEST INTERESTS OF THE CHILD.
Assignment of Error No. 2:
 THE TRIAL COURT'S AWARD OF THE INCOME TAX DEPENDENCY EXEMPTION TO A NON-RESIDENTIAL PARENT ON ALTERNATING YEARS WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
In her assignments of error, Pentzer contends that the trial court abused its discretion by ordering that the tax dependency exemption alternate between the parties. She argues that not only did the trial court fail to make the findings required to award the tax exemption to a non-residential parent, the trial court was not even provided evidence which could have supported such a finding.
As with other domestic relations issues, a trial court's decision awarding the tax dependency exemption to a party is reviewed for an abuse of discretion. Corple v. Corple (1997),123 Ohio App.3d 31, 33. "Abuse of discretion" connotes that the trial court's judgment was unreasonable, arbitrary, or unconscionable. An abuse of discretion will be found where the trial court's decision is without a reasonable basis or is not supported by competent, credible evidence. Middendorf v. Middendorf (1998),82 Ohio St.3d 397, 401.
Generally, under the Internal Revenue Code, the residential parent presumptively receives the tax dependency exemption.Singer v. Dickerson (1992), 63 Ohio St.3d 408, 411. The nonresidential parent may receive the tax exemption if the residential parent signs a written declaration surrendering the tax exemption to the nonresidential parent, id., or if the trial court determines that awarding the nonresidential parent the tax exemption would "produce a net tax savings for the parents, thereby furthering the best interest of the child." Id. at paragraph two of the syllabus.
Net tax savings occurs when allocating the dependency exemption to the nonresidential parent
 only if the [nonresidential] parent's taxable income falls into a higher bracket than the tax bracket of the [residential] parent * * *. If both parents' incomes are taxed in the same tax bracket, no net savings are realized by allocating the exemption to the [nonresidential] parent.
 Id. at 415-416. See Corple, 123 Ohio App.3d at 33. When determining whether there will be a net tax saving, the trial court must consider all relevant factors, including
 the parent's gross incomes, the exemptions and deductions to which the parents are otherwise entitled, and the relevant federal, state, and local income tax rates.
 Singer at paragraph three of the syllabus. In its determination, the trial court should not consider which parent has the greater support obligation. As noted in Singer:
 While an additional exemption for the [nonresidential] parent [with a greater support obligation] may marginally increase his ability to pay support, the removal of an exemption would equally decrease the [residential] parent's ability to support the child. The child's best interest is not furthered by this zero sum game.
 Id. at 416. If the trial court does award the tax exemption to the nonresidential parent, the record must show that the best interest of the child has been furthered. Corple,123 Ohio App. 3d at 34.
A review of the record and transcript in the instant case does not reveal any evidence regarding any tax savings which would result from awarding the tax dependency exemption to one parent or the other. Nor is there any indication in the record of what factors the trial court reviewed in making its decision or the basis of the trial court's decision. As there was no evidence in the record for the trial court to consider, we cannot see how the trial court could have made a rational decision based upon competent, credible evidence.
The decision of the trial court awarding the tax dependency exemption to the parties in alternating years is vacated and the matter is remanded for further proceedings. In these proceedings, the trial court must be presented with evidence demonstrating whether Mallory's best interest will be furthered by a net tax savings if the tax exemption is awarded to Thomas in any year. If there are no net tax savings, the trial court must award the tax exemption to Pentzer. Pentzer's assignments of error are well-taken.
Judgment vacated and remanded for further proceedings consistent with this opinion.
POWELL, P.J., and WALSH, J., concur.