This timely appeal arises from a decision of the Court of Common Pleas of Belmont County, Juvenile Division, awarding the federal dependency tax exemption to Appellee, Julie Russell, as part of an order modifying child custody and support. Appellant, Derek Criner, argues that the trial court was required to award him the dependency exemption because his income was higher than Appellee's income. For the following reasons, the decision of the trial court is affirmed.
On September 21, 1994, Appellee filed a Petition for Custody in the Court of Common Pleas of Belmont County, Juvenile Division. Appellee is the natural mother of Tyler Russell Criner. On December 2, 1994, Appellee and Appellant, Tyler's natural father, signed an agreed entry regarding custody, visitation and support. The entry awarded Appellee custody of the minor child, subject to Appellant's visitation rights. The entry stated that Appellee, "shall have the tax exemption for the tax year 1994," referring to the federal dependency tax exemption. This exemption allows a parent to deduct a fixed dollar amount from his or her gross income for each dependent child claimed on the federal income tax return. Appellee continued to claim the dependency exemption for Tyler in the years that followed.
On May 18, 1999, Appellant filed a motion seeking to modify visitation rights, medical coverage, tax dependency deduction, and the life insurance beneficiary and gift trust. After an administrative review, the trial court held a hearing on July 9, 1999, to determine all of the modification issues. The parties came to agreement on all issues except for the allocation of the tax dependency exemption. The court heard arguments from both parties and in an October 8, 1999, order, awarded the dependency exemption to Appellee.
Appellant filed this timely appeal on October 29, 1999. The appeal was dismissed sua sponte by this Court on July 24, 2000, for Appellant's failure to file a brief. On August 3, 2000, Appellant filed a Motion for Reconsideration, which was granted on November 15, 2000, and the appeal was reinstated. The parties have filed their briefs and we will proceed to review the merits of the appeal.
Appellant's sole assignment of error asserts:
 "THE TRIAL COURT ERRED IN FAILING TO ALTERNATE BETWEEN THE PARTIES THE TAX DEPENDENCY DEDUCTIONS FOR THE MINOR CHILD OF THE PARTIES OR, IN THE ALTERNATIVE, TO REQUIRE ADDITIONAL EVIDENCE BEFORE ORDERING AN ALLOCATION OF THE DEDUCTIONS."
R.C. § 3113.21(C)(1)(e) allows a court, as part of the proceedings to modify child support, to determine which parent may claim a child as a dependent for federal income tax purposes as set forth in Section 151 of the Internal Revenue Code of 1986, 100 Stat. 2085, 26 U.S. Code 1, as amended. Appellant argues that the dependency exemption should be awarded to the parent with the higher income because the exemption would result in a net tax savings for both parents and would ultimately result in more money being available to provide for the best interests of the child, citing Will v. Will (1996), 113 Ohio App.3d 8, in support.
Appellant argues that the trial court ignored evidence that he had a higher income than Appellee. Appellant also argues that the court ignored evidence that he paid a higher percentage of the total child support award than Appellee, namely, fifty-one percent. Appellant asserts that the trial court was required to review all pertinent factors, including the parents' gross incomes, state and federal tax deductions and exemptions and relevant tax rates, in determining which parent should get the dependency exemption, citing Singer v. Dickinson (1992),63 Ohio St.3d 408 . He concludes that the trial court should have awarded him the exemption, alternated it between the two parties each year or at least should have conducted further fact finding to determine if a net tax savings would result by awarding the exemption to Appellant.
Appellee points out that a trial court may award the dependency exemption to the nonresidential parent if it is in the best interests of the child, citing Bobo v. Jewell (1988), 38 Ohio St.3d 330 . She argues that the best interests of the child may be served if the allocation of the exemption produces a net tax savings for the parents, citing Singer,supra, at 415. She goes on to contend that such a savings can only occur if the nonresidential parent is in a higher tax bracket than the residential parent. Id. at 416. Appellee admits that, according to computations in the record made by the Belmont County Child Support Enforcement Agency, Appellant's average income was $37,188.00 and Appellee's average income was $33,064.63. (5/18/99 Motion, Attachment). However, Appellee states that under the tax brackets provided in the Internal Revenue Code, Section 1(b)-(c), the parties are within the same tax bracket. Therefore, she concludes, the trial court did not have the discretion to award the dependency exemption to Appellant.
Appellee also argues that the trial court based its decision on the evidence presented by the parties. Appellee posits that it was Appellant's duty to present evidence to establish why he should receive the dependency exemption. Appellee maintains that, other than the income figures mentioned earlier and the fact that Appellant was required to pay fifty-one percent of the total child support award, Appellant did not present any other relevant evidence which the trial court could use to make its determination.
Appellee concludes that Appellant did not meet his burden of proof and that the record does not support a decision that it would be in the best interests of the child to award the dependency exemption to Appellant. We find Appellee's argument persuasive.
Domestic relations decisions are reviewed for abuse of the trial court's discretion, including decisions involving the allocation of the federal tax dependency exemption. Corple v. Corple (1997),123 Ohio App.3d 31, 33. An abuse of discretion connotes more than an error of law or judgment; it implies an attitude that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
In Singer v. Dickinson, supra, the Ohio Supreme Court held that the dependency tax exemption may be awarded to the nonresidential parent when such allocation would result in a net tax savings for the parents, thereby furthering the best interests of the child.63 Ohio St.3d at 415; see also Corple, supra, at 33[1]. Singer specifically rejected the theory that the nonresidential parent should receive the exemption merely because that parent's share of the total child support obligation was greater than that of the residential parent. Singer, supra, at 415; see also Burns v. May (1999), 133 Ohio App.3d 351, 356. Singer reasoned that the best interests of the child could be served only if the tax exemption were allocated to produce a net savings in the aggregate taxes that both parents would pay, thereby leaving a larger pool of income from which to provide for the child. Singer at 415. The court concluded that this net savings could only occur if the nonresidential parent was in a higher tax bracket than the residential parent. Id.
Section 152(c), Title 26, U.S. Code, establishes a presumption in favor of the residential parent receiving the dependency exemption. Hughes v.Hughes (1988), 35 Ohio St.3d 165, 167; Burns, supra, at 356. Because of this presumption, the burden is on the nonresidential parent to produce competent and credible evidence to show that allocating the dependency exemption to the nonresidential parent would be in the best interests of the child. See State ex rel. Wilke v. Hamilton Cty. Bd. Of Commrs. (2000), 90 Ohio St.3d 55, 60. In addition, the record must affirmatively show that the best interests of the child is furthered by allocating the dependency exemption to the nonresidential parent. Bobo, supra,38 Ohio St.3d at 332. It should be noted that even if there was some evidence in the record that Appellant was in a higher tax bracket, the trial court continued to have the discretion to deny allocating the dependency exemption to Appellant for other reasons.
At trial, Appellant relied on the theory that he should receive the dependency exemption because he paid more than half of the total child support award. (7/9/99 Tr. pp. 7-8). Appellant did not present any evidence that his adjusted gross income put him in a higher tax bracket than Appellee, or that any other method of calculation would result in a net tax savings by allocating the dependency exemption to him. There is evidence in the record indicating that Appellant had a slightly higher gross income than Appellee, but many factors other than gross income determine a person's tax bracket. There is no indication in the record that Appellant provided the trial court with enough information to determine his tax bracket or any potential tax savings.
Although the trial court is required to consider all the pertinent evidence in determining which parent should receive the exemption, the court obviously cannot consider evidence which has not been presented. Any alleged error made by the trial court was based on Appellant's incomplete argument at trial and limited presentation of evidence. Errors which are not brought to the attention of the trial court are waived and need not be addressed for the first time on appeal. Atkinson v. GrummanOhio Corp. (1988), 37 Ohio St.3d 80, 82. Additionally, an appellant cannot change the theory of his case and present new arguments for the first time on appeal. State ex rel. Guttierez v. Trumbull Cty. Bd. OfElections (1992), 65 Ohio St.3d 175, 177.
The theory that Appellant used at trial was specifically rejected by the holding in Singer, supra. 63 Ohio St.3d at 416. Appellant is bound by the legal theory he chose at trial. At any rate, Appellant did not provide the trial court with the information necessary to obtain a favorable ruling. We hereby overrule Appellant's assignment of error and affirm the decision of the trial court in awarding the federal dependency tax exemption to Appellee.
 _________ WAITE, J.
Donofrio, J., concurs.
DeGenaro, J., concurs.
[1] The holding in Singer, supra, has recently been codified as R.C. § 3119.82, effective March 22, 2001.