[Cite as *Sable v. Sable*, 2013-Ohio-2635.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BRENDA SABLE | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| MICHAEL SABLE | : | Case No. 2012CA00230 |
| | : | |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Stark County Court
of Common Pleas, Case No.
2011DR01556

JUDGMENT: Affirmed

DATE OF JUDGMENT: June 17, 2013

APPEARANCES:

For Plaintiff-Appellant

TRACEY A. LASLO
JOHN T. JAKMIDES
325 East Main Street
Alliance, OH 44601

For Defendant-Appellee

BEVERLY PROCTOR-DONALD
401 Tuscarawas Street
Suite 500
Canton, OH 44702

*Baldwin, J.*

{¶1}    Appellant Brenda Sable appeals a divorce judgment of the Stark County Common Pleas Court, Domestic Relations Division.  Appellee is Michael Sable.

STATEMENT OF FACTS AND CASE

{¶2}    The parties were married on April 5, 1985, in Billings, Montana.  They have one son, born February 1, 2004.

{¶3}    The instant divorce action was filed on December 14, 2011.  At a hearing on September 27, 2012, the parties indicated to the court that they had signed a separation agreement resolving most issues.  However, the parties could not agree to the extent of appellee's visitation with the child, who would receive the tax deduction for the child, and the value of the real estate.  The court conducted an evidentiary hearing on these issues.

{¶4}    The parties' marriage was terminated by a Judgment Entry of Divorce on November 20, 2012.  The court gave appellee extended visitation every Tuesday, Wednesday and Friday from 3:00 p.m. to 7:00 p.m.  The court awarded appellee the tax exemption for the child, and valued the real estate at $85,000.00.  The court found the parties' equity in the property to be $16,000.00, and ordered appellee to pay appellant $8,000.00 for her share of the equity in the residence.  Appellant assigns three errors:

{¶5}    I.    THE TRIAL COURT ERRED IN GRANTING EXTENDED VISITATION TO APPELLEE DESPITE EVIDENCE THAT DOING SO WOULD DISRUPT THE CHILD'S SCHOOLWORK AND WEEKLY SCHEDULE.

{¶6}    II.    THE TRIAL COURT ERRED IN ASSIGNING THE TAX EXEMPTION TO APPELLEE DESPITE THE FACT THAT THIS WAS NOT EVEN

SOUGHT BY THE APPELLEE, AND FURTHER FAILED TO REVIEW TAX DOCUMENTS IN MAKING ITS DECISION.

{¶7} III. THE TRIAL COURT ERRED IN FAILING TO ESTABLISH A SCHEDULE FOR HUSBAND'S PAYMENT TO WIFE FOR HER ONE-HALF OF THE EQUITY IN THE MARITAL RESIDENCE.

I.

{¶8} Appellant argues that the court erred in giving appellee extended visitation with the child, as the evidence demonstrated the extra evenings of visitation would disrupt the child's schoolwork and weekly schedule. The standard visitation schedule, requested by appellant, would allow appellee a minimum of one week day of parenting time from 5:00 p.m. to 8:00 p.m. The court's order gives appellee visitation on three week days, from 3:00 p.m. to 7:00 p.m. During the pendency of the divorce, appellee visited with the child two week days.

{¶9} Matters concerning visitation rest in the trial court's sound discretion. *Booth v. Booth,* 44 Ohio St.3d 142, 541 N.E.2d 1028 (1989). In order to find an abuse of discretion, we must find that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶10} Appellant argues that appellee was uninvolved with the child's school, as he was unable to name the child's teacher the previous year or his current teacher. She argues that he was unaware that his son was playing soccer, and had not helped pay with extracurricular activity fees. She argues that appellee does not help the child with his homework, and that her boyfriend, a retired teacher, helped the child with homework

at her home during the evenings. She also argues that the child does not want to go to his father's house for visitation.

{¶11} However, there was also evidence that despite his inability to recall the names of teachers, appellee attended school conferences and was aware that at his last school, the child had problems with being bullied. Appellee testified that he helped with homework, and he was able to identify the problem subjects for the child. Appellee testified that appellant did not inform him of any costs associated with extracurricular activities other than Boy Scout camp, which he paid for when made aware of the expense. Further, appellant herself admitted that she did not discuss enrolling their son in Scouts and soccer with appellee, and that her boyfriend participated in scouting with the child. In addition, appellant was found in contempt of court for denying appellee parenting time.

{¶12} The trial court did not abuse its discretion in giving appellee extended visitation. The visitation order is a mere four hours a week more than the temporary visitation order. The evidence does not support appellant's claim that this extra visitation time is disruptive to the child's school schedule. From the record, the court could conclude that appellant has attempted to limit appellee's involvement with the child, preferring that the child spend time with her new boyfriend.

{¶13} The first assignment of error is overruled.

II.

{¶14} Appellant argues that the court erred in awarding appellee the tax exemption for the child.

{¶15}     As with other domestic relations issues, a trial court's decision awarding the tax dependency exemption to a party is reviewed for an abuse of discretion. *Corple v. Corple*, 123 Ohio App.3d 31, 33, 702 N.E.2d 1234 (1997). Thus, pursuant to *Blakemore,* supra, we must determine whether the trial court's decision in awarding the exemption to appellee was arbitrary, unconscionable or unreasonable.

{¶16}     The trial court must find that "the interest of the child has been furthered" before it can allocate the tax exemption to the noncustodial parent. *Bobo v. Jewell*, 38 Ohio St.3d 330, 332, 528 N.E.2d 180 (1988). The best interest of the child is furthered when the allocation of the tax exemption to the noncustodial parent produces a net tax savings for the parents. *Singer v. Dickinson*, 63 Ohio St.3d 408, 588 N.E.2d 806, paragraph two of the syllabus (1992). Such net tax savings for the parents can only occur when the noncustodial parent's taxable income falls into a higher tax bracket. *Id.* at 415-416, 588 N.E.2d 806. When determining the net tax savings to the parties, a trial "court should review all pertinent factors, including the parents' gross incomes, the tax exemptions and deductions to which the parents are otherwise entitled, and the relevant federal, state, and local income tax rates." *Id.* at 416, 588 N.E.2d 806.

{¶17}     R.C. 3119.82 provides in pertinent part:

{¶18}     "Whenever a court issues, or whenever it modifies, reviews, or otherwise reconsiders a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes as set forth in section 151 of the "Internal Revenue Code of 1986," 100 Stat. 2085, 26 U.S.C. 1, as amended. If the parties agree on which parent should claim the children as dependents, the court shall designate that parent as the parent

who may claim the children. If the parties do not agree, the court, in its order, may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes only if the court determines that this furthers the best interest of the children and, with respect to orders the court modifies, reviews, or reconsiders, the payments for child support are substantially current as ordered by the court for the year in which the children will be claimed as dependents. In cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children."

{¶19} The evidence at the hearing reflected that appellant's income was $17,000.00, while appellee's income was just over $50,000.00. The child support worksheet reflects that appellant's adjusted gross income, including division of appellee's military retirement benefits, was just over $26,000.00, while appellee's adjusted gross income was slightly over $40,000.00. The trial court's entry states that the court reviewed all pertinent factors, including the income of the parties, the exemptions and deductions to which the parties are otherwise entitled, and all relevant tax rates. Based on the disparity of income of the parties, we find no abuse of discretion in the allocation of the exemption to appellee.

{¶20} The second assignment of error is overruled.

III.

{¶21}    In her third assignment of error, appellant argues that the court erred in failing to establish a payment schedule for appellee to pay her for her share of equity in the marital residence.  The judgment states in pertinent part:

{¶22}    "Husband shall refinance the real estate into his name within twelve (12) months and remove Wife's name from the loan.  Wife shall sign a Quit Claim Deed transferring all interest in the real estate to the Husband . . . Husband shall pay the sum of $8,000.00 to the Wife as and for her one-half of the equity in the marital residence."

{¶23}    At the time of the hearing, the issue before the court was the valuation of the property, not the timing of the payment from appellee to appellant.  Further, appellee has twelve months to remove appellant's name from the loan, and she is to sign a quit claim deed transferring all interest in the real estate to him.  It appears from the judgment that the timing of that payment is tied to the twelve month period in which the remainder of the issues concerning transfer of the property must be resolved.  If at that time appellee has not paid appellant for her share of the equity, the issue concerning timing of the payment will be ripe for review.

{¶24}    The third assignment of error is overruled.  The judgment of the Stark County Common Pleas Court, Domestic Relations Division, is affirmed.  Costs assessed to appellant.


By: Baldwin, J.

Wise, P.J. and

Delaney, J. concur.

---

HON. CRAIG R. BALDWIN

---

HON. JOHN W. WISE

---

HON. PATRICIA A. DELANEY

[Cite as *Sable v. Sable*, 2013-Ohio-2635.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BRENDA SABLE | : | |
| | : | |
| Plaintiff - Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MICHAEL SABLE | : | |
| | : | |
| Defendant - Appellee | : | CASE NO. 2012CA00230 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs assessed to appellant.

_____
HON. CRAIG R. BALDWIN


_____
HON. JOHN W. WISE


_____
HON. PATRICIA A. DELANEY