[Cite as *R.M. v. D.M.*, 2023-Ohio-3978.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| R.M., | : | |
| Plaintiff-Appellant, | : | |
| | | No. 112493 |
| v. | : | |
| D.M., | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 2, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-16-361148

***Appearances:***

Stafford Law Co., L.P.A., Joseph G. Stafford, and Nicole A. Cruz, *for appellant.*

Daray Law, LLC, and Stephen E.S. Daray, *for appellee.*

MARY J. BOYLE, J.:

{¶ 1} Plaintiff-appellant, R.M. ("R.M."), appeals the trial court's judgment adopting the magistrate's decision to modify the designation as to who claims the minor children for tax purposes. For the reasons set forth below, we affirm.

## I. Facts and Procedural History

{¶ 2} In October 2009, R.M. married defendant-appellee, D.M. ("D.M.") and had two children, M.M. (d.o.b. 02/04/11) and V.M. (d.o.b. 02/22/12), as issue of their marriage. In 2016, R.M. (husband) filed for divorce from D.M. (wife). The parties were divorced pursuant to a judgment entry of divorce journalized in February 2019. Pursuant to the decree, R.M. was ordered to pay $810 per month in child support, plus a two percent processing charge, when private health insurance was being provided. R.M. was also designated as the health insurance obligor and was granted income tax credits and exemptions for the children. At the time of the divorce, R.M.'s income was listed as two different amounts on the worksheets used to compute child support. The first worksheet listed his income as $71,089 and the second worksheet listed his income as $65,000. D.M. had an imputed income of $15,600 even though she was unemployed at the time.

{¶ 3} Following the parties' divorce decree in 2019, no filings appear on the docket until December 2020, when D.M. filed a postdecree motion to modify the child support award and the designation as to who claims the children for tax purposes because of a substantial change of circumstances with respect to the parties' income and the expenses associated with the minor children. D.M. sought a modification of the child support and the tax exemption consistent with the parties' current income and parenting time. In her supporting affidavit, D.M. averred that R.M.'s parenting time with the minor children is on alternating weekends from Saturdays at 10:00 a.m. until Sunday at 8:00 p.m., but he "has not

exercised his parenting time in over 10 months with the minor children." She further averred that "she is now working full time and should be designated to claim the minor children for tax purposes. [She] was in school at the time of the divorce." R.M. opposed the motion, arguing that at the time of the divorce, D.M.'s income was imputed to $15,600 per year and her income has increased substantially due to her new nursing job.

{¶ 4} In January 2022, D.M. indicated that she was not seeking a modification of the child support order, which left the tax allocation for the minor children as the only remaining issue. According to the magistrate's decision, at a January 2022 attorney-only phone conference, the court verbally ordered the parties to submit briefs on the sole issue of who shall claim the children for tax purposes in the hope of minimizing the parties' litigation costs. After the hearing, the court issued a notice regarding the parties' obligation to deliver documents/submit briefs by 4:00 p.m. on February 11, 2022.

{¶ 5} On February 11, 2022, D.M. filed a brief in support of her motion for tax exemptions and R.M. filed for an extension. R.M. also filed an objection to the submission of motions on the briefs stating that the parties did not agree to submit on briefs and the magistrate did not issue an order regarding the briefs and scheduling of the briefs. R.M. further argued that a trial is needed for the court to obtain testimony and evidence. D.M. filed a brief in opposition to the motion for extension and a motion to strike R.M.'s objection to the submission of the briefs. D.M. argued that the court ordered the briefs at the January 2022 hearing, the court

issued a notice in January for the submission of briefs on February 11, and R.M. did not file a timely objection to the court's order or hearing notice. D.M. further argued that R.M.'s motion for extension was filed after 4:00 p.m. on February 11, 2022. The court granted R.M.'s request for an extension, giving R.M. an additional 21 days to submit his brief. R.M. sought another extension, which the court granted, and the matter eventually was heard by the magistrate on March 25, 2022.

{¶ 6} The magistrate issued her decision in July 2022, stating that based upon a change in circumstance — D.M.'s employment change from a stay-home mother to a nurse, the fact that D.M. has possession of the children almost 100% of the time, and R.M.'s income and role as health insurance obligor, it was fair and equitable and in the children's best interest to change the allocation of tax exemptions of the minor children. The magistrate found that (1) D.M. was entitled to "claim [M.M.] for all tax purposes, credits, dependency, and deduction beginning 2020 tax year and each year thereafter"; (2) R.M. was entitled to continue claiming "[V.M.], for all tax purposes, credits, dependency, and deduction 2020 tax year and each year thereafter"; (3) R.M. shall amend his tax filings for 2020 and 2021 to remove M.M. from his returns; and (4) R.M. shall pay D.M. all stimulus monies received on behalf of M.M. from 2020 and all future tax years thereafter. (Judgment Entry, 07/29/22.)

{¶ 7} The magistrate further found that an evidentiary hearing was not needed on this matter because the issue was simple, with no substantive questions of fact needed to be determined after D.M. decided not to pursue the motion to

modify child support. The sole issue before the court was to determine the allocation of tax exemptions and credits in light of the parents' uncontroverted employment circumstances.

{¶ 8} R.M. filed objections to the magistrate's decision, arguing that the magistrate erred by failing to conduct a hearing, issuing findings of fact that are not supported by the record, modifying the income tax dependency exemptions, and ordering him to amend his 2020 and 2021 tax returns. D.M. filed an opposition to the objections, arguing that the evidence and the facts in the case are simple and the only real determinative issue was the fact that D.M. had not been employed at the time of the divorce and was now employed. D.M. further argued that the court was not required to have a full evidentiary hearing with testimony.

{¶ 9} In February 2023, the trial court overruled R.M.'s objections and adopted the magistrate's decision. The trial court found that both parents are entitled under R.C. 3119.82 to claim the minor children as dependents for all tax purposes. Specifically the court ordered that

[D.M.]/Mother shall be entitled to claim [M.M.] for all tax purposes, credits, dependency, and deduction beginning 2020 tax year and each year thereafter subject to further order of the Court.

[R.M.]/Father shall continue to claim [V.M.], for all tax purposes, credits, dependency, and deduction 2020 tax year and each year thereafter subject to further order of the Court.

[R.M.] shall amend his tax filings for 2020 and 2021 to remove the minor child, [M.M.] from his returns within 30 days of journalization of this order.

[R.M.] shall pay [D.M.] all stimulus monies received on behalf of the minor child, [M.M.] from 2020 and all future tax years thereafter and

> [R.M.] shall reimburse her within 30 days of journalization of this order.

(Judgment Entry, 02/22/23.)

{¶ 10} It is from this order that R.M. appeals, raising the following two assignments of error for review, which shall be addressed together for ease of discussion:

> **Assignment of Error One:** The trial court erred as a matter of law and abused its discretion in failing to conduct a hearing and by issuing findings of fact which are not supported by the record.

> **Assignment of Error Two:** The trial court erred as matter of law and abused its discretion by modifying the income tax dependency exemptions set forth under the February 1, 2019 Judgment Entry of Divorce by ordering the modification retroactively and by ordering [R.M.] to amend his 2020 and 2021 tax returns.

## II. Law and Analysis

### A. Standard of Review

{¶ 11} A trial court's ruling on objections to a magistrate's decision will not be reversed absent an abuse of discretion. *In re M.I.S.*, 8th Dist. Cuyahoga No. 98138, 2012-Ohio-5178, ¶ 11, citing *Gobel v. Rivers*, 8th Dist. Cuyahoga No. 94148, 2010-Ohio-4493, ¶ 16. Similarly, a "trial court's decision awarding the tax dependency exemption to a party is reviewed for an abuse of discretion." *Brownlee v. Brownlee*, 8th Dist. Cuyahoga Nos. 97037 and 97105, 2012-Ohio-1539, ¶ 34, citing *Corple v. Corple*, 123 Ohio App.3d 31, 702 N.E.2d 1234 (7th Dist.1997). An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

## B. Hearing and Tax Exemption Modification

{¶ 12} In the first assignment of error, R.M. argues the court erred and abused its discretion in failing to conduct a hearing and by issuing findings of fact that were not supported by the record. In the second assignment of error, R.M. argues the court erred and abused its discretion by modifying the tax exemption as set forth in the divorce decree and by making the modification retroactive to 2020.

{¶ 13} R.M. first claims that a hearing was necessary to determine the best interest of the children. R.M., however, does not cite to any authority requiring the trial court to conduct an oral hearing on a motion to modify the designation as to who claims the minor children for tax purposes. Rather, Civ.R. 7(B)(2) permits the court to rule on motions without conducting an oral hearing and provides:

> To expedite its business, the court may make provision by rule or order not inconsistent with these rules for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition.

*See also Critzer v. Critzer*, 8th Dist. Cuyahoga No. 90679, 2008-Ohio-5126 (where this court stated that "Civ.R. 7 (B)(2) allows the court to rule on motions without conducting an oral hearing[.]" *Id.* at ¶ 29.); *Jackson v. Jackson*, 11th Dist. Lake Nos. 2011-L-016 and 2011-L-017, 2012-Ohio-662 ("Civ.R. 7(B)(2) does not require evidentiary hearing when the parties submitted briefs and documents in support of their claims; the trial court did not err in not holding additional evidentiary hearing to ascertain the differences between the proposed QDROs." *Id.* at ¶ 37, citing *Barton*

*v. Barton*, 10th Dist. No. 96APF11-1526, 1997 Ohio App. LEXIS 2429 (June 3, 1997).).

{¶ 14} Here, the trial court adopted the magistrate's decision, in which the magistrate indicated that she verbally ordered the parties to brief the sole issue of who shall claim the children for tax purposes to accommodate the parties' scheduling preferences and in the hope of minimizing the parties' litigation costs. The magistrate further noted that while R.M. was aware of the order requiring briefs, which was evidenced by his motion for an extension on the initial due date, the court, acting as a court of equity, granted R.M. over a month in additional time to file his brief. The magistrate stated that she carefully considered the briefs in lieu of testimony and based her decision on equity considerations. The magistrate found that

> [a]n evidentiary hearing is not needed on this matter. The issue is simple, with no substantive questions of fact to be determined after [D.M.] decided not to pursue the motion to modify child support. The sole issue before the Court is to determine the allocation of tax exemptions and credits regarding the parties' minor children in light of the parents uncontroverted employment circumstances.

(Judgment Entry, 07/29/22.)

{¶ 15} In light of the foregoing, we find no evidence in the record that the court exercised its judgment in an unwarranted way when it reviewed the single issue on the briefs instead of holding a hearing on the matter. The court allowed the parties to brief the issue and acknowledged those pleadings in its decision.

Therefore, we do not find that the court abused its discretion when it issued its decision regarding who shall claim the children for tax purposes without a hearing.

{¶ 16} R.M. next claims the court erred and abused its discretion by improperly relying upon the documents attached to D.M.'s brief in support because it was not supported by an affidavit. In support of his argument, R.M. relies on authority for the general proposition that "documents attached to briefs are not evidence." While that general proposition may be correct, in the instant case, the court was within its authority to order that the tax exemption issue be submitted on the briefs and rely on the briefs in reaching her decision. It is well-established that

> "domestic relations courts have full equitable powers and jurisdiction. Ohio domestic relations courts, by both statute and common law, have and may exercise authority in accordance with established rules of equity. Such courts, therefore, do not abuse their discretion when they apply equitable rules. *See, Miller v. Miller* (1993), 92 Ohio App. 3d 340; *May* [*May v. May* (1993), 63 Ohio Misc. 2d 207, 620 N.E.2d 317]."

*State ex rel. Resnick v. Russo*, 8th Dist. Cuyahoga No. 77043, 2000 Ohio App. LEXIS 27, 7-8 (Jan. 3, 2000), quoting *Lehman v. Lehman*, 8th Dist. Cuyahoga No. 67483, 1995 Ohio App. LEXIS 1851, 12-13 (May 4, 1995).

{¶ 17} Here, both parties attached tax documentation to their respective briefs, without an affidavit in support. The documentation consisted of the parties' W-2s, tax returns, proposed child support worksheets, and a bank statement for R.M. In his brief, R.M. did not object to any of the documentation attached to D.M.'s brief, nor did he argue that R.M. failed to attach an affidavit in support of her brief. Rather, he relied on the wages in the tax documentation he attached and argued that

the court should not modify the tax exemption allocation. The domestic relations court, as a court of equity, exercised its discretion to consider the supporting tax documentation provided by both parties and found that it is in the best interest of the children to change the allocation of the tax exemptions. Therefore, we find R.M.'s argument unpersuasive and decline to find that the court abused its discretion.

{¶ 18} Accordingly, the first assignment of error is overruled.

{¶ 19} In the second assignment of error, R.M. argues the court erred and abused its discretion by modifying the tax exemption and by making the modification retroactive to 2020 because there was no substantial change in circumstance and the determination was not in the children's best interest.

{¶ 20} According to R.C. 3119.82, when the parties do not agree on which parent should claim their child as a dependent — as is the case between R.M. and D.M. — the court shall

> consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children.

*Id.*

{¶ 21} We note that the trial court need not state its basis for allocating the tax exemption, but the record needs to include the financial data referenced in the statute. *Brown v. Brown*, 2014-Ohio-2402, 14 N.E.3d 404, ¶ 59 (8th Dist.), citing

*Branden v. Branden*, 8th Dist. Cuyahoga No. 91453, 2009-Ohio-866, ¶ 36, quoting *Ankney v. Bonos*, 9th Dist. Summit No. 23178, 2006-Ohio-6009, ¶ 40; *Yenni v. Yenni*, 8th Dist. Cuyahoga No. 111058, 2022-Ohio-2867, ¶ 56.

{¶ 22} In the instant case, the parties' 2019 divorce decree provided that R.M. "shall claim the exemption and child tax credit for [M.M.], born February 4, 2011; and [V.M.], born February 22, 2012, for federal income tax purposes; subject to further order of the Court." The magistrate noted that at the time of the divorce R.M. was fully employed and earning $64,500 but D.M. was in nursing school, not employed, and was imputed a minimum wage salary of $15,600. As a result, R.M. was awarded both children for tax purposes since D.M. was unemployed. In 2020, D.M. filed her motion because a change of circumstance had occurred — she completed nursing school and obtained full time employment and an income. The magistrate noted the parties' respective salaries for the 2019, 2020, and 2021 tax years, considered the factors required at law, and stated:

> The Court agrees with [D.M.'s] argument that [D.M.] going from a stay-home mom to a wage-earner does justify a reallocation of the parents claiming the children for tax purposes. Moreover, whereas the parties have a shared parenting plan and [D.M.] claims to have possession of the children almost 100% of the time, the Court finds justification for a reallocation in order to provide [D.M.] the financial benefit which results from claiming a tax exemption and credit. The Court further finds that [R.M.] did not dispute the fact that the [D.M.] has the minor children the majority of the time.
>
> * * *
>
> [T]he Court finds that the children reside primarily with [D.M.]/Mother. [D.M.] would gain financially by changing the tax allocation since she bears the additional expenses of having the children majority of the time. The Court also considers the fact that

[R.M.] claims the [D.M.] shares her household expenses with a significant other and [D.M.]'s income is more than [R.M.'s] income. An exact determination of [D.M.]'s income and net tax savings is difficult to calculate at this time due to the [D.M.] being a nurse during the ongoing COVID pandemic. The Court also took into account that the Plaintiff continues to provide health insurance for the minor children.

Based upon the [D.M.]'s employment change, the fact that [D.M.] spends majority of time with the children, consideration of the [R.M.'s] income and his role as health insurance obligor, the Court finds it fair and equitable to change the allocation of tax exemptions/credits of the minor children.

It furthers the best interest of the children to designate which parent may claim the children as dependents for all tax purposes as follows:

[D.M.]/Mother shall be entitled to claim [M.M.] for all tax purposes, credits, dependency, and deduction beginning 2020 tax year and each year thereafter subject to further order of the Court.

[R.M.]/Father shall continue to claim [V.M.], for all tax purposes, credits, dependency, and deduction 2020 tax year and each year thereafter subject to further order of the Court.

[R.M.] shall amend his tax filings for 2020 and 2021 to remove the minor child, [M.M.] from his returns within 30 days of journalization of this order.

[R.M.] shall pay [D.M.] all stimulus monies received on behalf of the minor child, [M.M.] from 2020 and all future tax years thereafter and [R.M.] shall reimburse her within 30 days of journaliz[ation] of this order.

(Judgment Entry, 07/29/22.)

{¶ 23} R.M., relying on *Maitlen v. Maitlen*, 5th Dist. Stark No. CA-9347, 1993 Ohio App. LEXIS 6499 (Dec. 30, 1993), argues that the magistrate failed to consider the parties' respective tax exemptions, the best interest of the child, and the relevant federal, state, and local income tax rates when modifying the tax exemption. In *Maitlen*, the Fifth District vacated the trial court's order modifying the tax

dependency exemption because, while the court considered the parents' gross incomes, there was no evidence in the record demonstrating that the court considered the "parties' respective exemptions and deductions, the best interest of the child, and the relevant federal, state and local income tax rates." *Id.* at 3. However, this information was presented to the court and the court's decision reflects that it did consider more than just the parties' gross incomes. In addition to W-2s and tax returns, the parties also submitted child support worksheets setting forth the tax implications for claiming the children on each party's respective tax return.

{¶ 24} Here, the record is clear that the magistrate thoroughly considered the factors set forth in R.C. 3119.82 and found a change in circumstance prior to determining that the tax exemption deductions would best be shared equally between R.M. and D.M. beginning the tax year 2020 and going forward. The magistrate considered that (1) D.M. went from a stay-home mom to a wage-earner, which was a change in circumstance; (2) the parties' respective incomes for the 2019-2021 tax years; (3) D.M. has possession of the children almost 100% of the time; (4) R.M. did not dispute the fact that D.M. has the minor children the majority of the time; and (5) R.M. provides health insurance for the minor children. The magistrate then found it fair and equitable and in the best interest of the children to change the allocation of the tax exemptions.

{¶ 25} R.M. has failed to demonstrate that the court abused its discretion in its decision to modify the tax exemption allocation, allowing R.M. to claim V.M. and

D.M. to claim M.M. The court's decision is more than equitable considering that D.M. has both minor children in her possession essentially 100% of the time, a fact that R.M. does not dispute. We note that at appellate oral argument, R.M.'s counsel indicated R.M. had not been able to visit with the children because of a leg injury in 2020 and he has made several requests for visitation that have gone unanswered by D.M., but agreed that R.M. has not consistently seen the children from 2020-2023. D.M.'s appellate counsel indicated that R.M. immediately stopped visitation with the children after the divorce was finalized and never commenced it again. According to counsel, R.M. has only seen his children one time in the last four years. Counsel further indicated that during this time, R.M. never filed a motion to show cause filed against D.M. for her alleged parenting time violation. This is supported by a review of the docket, which reveals that after the divorce was finalized in 2019, the first and only post-decree motion was filed by D.M. when she sought to modify the child support award and the tax exemption designation. There are no filings by R.M. requesting to visit with the children. The only post-decree filings on the docket by R.M. are to dispute the child support and tax credit issue. Thus, contrary to R.M.'s assertions, there is nothing in the record indicating that R.M. has seen his children or has requested to see his children since 2019. Based on foregoing, the court could have, in the best interest of the children, easily awarded both exemptions to D.M., but it did not. Rather, the court found it equitable to split the exemptions. Despite R.M.'s claims to the contrary, we decline to find that this was an abuse of discretion.

{¶ 26} R.M. further argues that the court lacks authority to retroactively order the modification back to the 2020 tax year. We note that R.C. 3111.13 vests the trial court with the discretion to determine whether a parent must pay a retroactive amount of child support and specifies the factors that the court can consider in making its decision, "including, but not limited to, any monetary contribution either parent of the child made to the support of the child prior to the court issuing the order requiring the parent to pay an amount for the current support of the child." R.C. 3113.13(F)(2). *See In re B.A.K.*, 12th Dist. Warren No. CA2021-10-093, 2022-Ohio-1443, ¶ 19, citing *In re Evans*, 10th Dist. Franklin No. 01AP-1328, 2002-Ohio-3555. Here, the court weighed the factors and determined that D.M. was entitled to the tax exemption for M.M. for the 2020 and 2021 tax years because she started earning wages during those years and both children were in her possession almost 100% of the time. As a result, we do not find that the court abused its discretion in retroactively ordering the modification.

{¶ 27} Therefore, the second assignment of error is overruled.

## III. Conclusion

{¶ 28} R.M. has failed to demonstrate that the court abused its discretion in its decision to modify the tax exemption allocation. There is no evidence in the record that the court exercised its judgment in an unwarranted way when it reviewed the single issue on the briefs instead of a holding a hearing on the matter. The magistrate thoroughly considered the factors set forth in R.C. 3119.82, and found

that the tax exemption would best be shared equally between R.M. and D.M. beginning the tax year 2020 and going forward.

{¶ 29} Accordingly, judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EILEEN T. GALLAGHER, J., CONCURS;
MARY EILEEN KILBANE, P.J., CONCURS IN PART AND DISSENTS IN PART (WITH SEPARATE OPINION)

MARY EILEEN KILBANE, P.J., CONCURING IN PART AND DISSENTING IN PART:

{¶ 30} I respectfully concur with the majority on the first assignment of error. On the second assignment of error, I respectfully dissent and would award the appellee-mother both children's tax credits and exemptions. The divorce was finalized on February 1, 2019, and the appellant-father has seen the children one time since the finalization. Both parties agree that the appellant-father hasn't contacted the children, acknowledged a birthday, or engaged in any fashion with the children. Contrary to appellant-father's counsel's oral argument presentation, there

have been no requests or filings made regarding visitation.  In the best interests of the children, I would give both tax credits and exemptions to the appellee-mother.